**Tillman VAUGHN, Appellant,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Appellee.**

**No. 84–1269.**

United States Court of Appeals, Eighth Circuit.

Oct. 17, 1988.

See also, 8th Cir., 741 F.2d 177.

Nancy L. Hamm, The Niblock Law Firm, Fayetteville, Ark., for appellant.

J. Michael Fitzhugh, U.S. Atty., Fort Smith, Ark., for appellee.

This matter is before the court on Tillman Vaughn's request for attorney's fees and costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

The EAJA provides for a maximum hourly rate of $75 per hour for attorney's fees "unless the court determines that an increase in the cost of living or a special factor ... justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Vaughn urges the court to award attorney's fees in excess of the statutory amount. Our review of the record, however, reveals no justification for such an award and thus the request is denied.

Vaughn seeks reimbursement for a total of 93 hours spent on this appeal.

Nearly one-third, 31 hours, of those hours were spent drafting Vaughn's motion for attorney's fees. We find this excessive and will award attorney's fees for only fifteen of the hours spent preparing the motion. Thus, Vaughn will receive attorney's fees in the amount of $5,775.00, for 77 hours work at $75 per hour.

■ Vaughn also seeks reimbursement for postage fees and photocopy expenses incurred in prosecuting this appeal. The United States Attorney does not contest the request for photocopy expenses but urges the court to deny the postage expenses. We note whether or not postage expenses are reimbursable under the EAJA is an open question. *See Aston v. Sec'y of Health & Human Services,* 808 F.2d 9 (2d Cir.1986) (allowing postage costs as reasonable "fees and other expenses"); *Int'l Woodworkers of America v. Donovan,* 769 F.2d 1388, 1392 (9th Cir.1985) (all costs normally billed to client reimbursable under EAJA). *But see Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir.1986) (costs for postage fees not authorized by EAJA); *Massachusetts Fair Share v. Law Enforcement Assistance Administration,* 776 F.2d 1066, 1069–70 (D.D.Cir.1985) (postage expenses not reimbursable under EAJA); *Action on Smoking & Health v. C.A.B.,* 724 F.2d 211, 224 (D.C.Cir.1984) (postage expenses not compensable under the EAJA). Having reviewed the authorities, we are willing to award Vaughn the $1.54 requested for ordinary postage fees; however, the extraordinary expense for $20.60 to express mail materials to meet court deadlines will be disallowed.

Accordingly, we hereby order the Clerk of this court to award Vaughn $5,813.14, including $5,775.00 for attorney's fees, $1.54 for postage and $36.60 for photocopy expenses.