862 F.2d 1333
 24 Soc.Sec.Rep.Ser. 77, Unempl.Ins.Rep. CCH 14416A
Theodore KELLY, Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Appellee.
Vernon PAYTON, Appellant,
v.
Otis R. BOWEN, Secretary of Health and Human Services, Appellee.
 Nos. 87-1999, 87-2164.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 17, 1988.
Decided Dec. 14, 1988.
 
 Anthony W. Bartels, Jonesboro, Ark., for appellant.
 Karen J. Sharp, Dallas, Tex., for appellee.
 Before McMILLIAN, BOWMAN and BEAM, Circuit Judges.
 McMILLIAN, Circuit Judge.
 
 
 1
 These cases were consolidated for purposes of appeal. Both appeals involve applications for attorney's fees and other expenses to be awarded under the Equal Access to Justice Act (EAJA), 28 U.S.C. Sec. 2412(d)(2)(A). Following oral argument, the court requested supplemental briefing on the issue of the scope of EAJA coverage in light of the 1985 re-enactment and amendment of the EAJA. Act of Aug. 5, 1985, Pub.L. No. 99-80, 99 Stat. 183. For the reasons discussed below, in No. 87-1999, we affirm in part, reverse in part and remand the case for further proceedings. We affirm the order of the district court in No. 87-2164.
 
 No. 87-1999 Kelly v. Bowen
 
 2
 In 1970 Theodore Kelly applied for and was awarded disability benefits. In 1982 the Secretary of the Department of Health and Human Services (Secretary) determined that Kelly was no longer disabled and that his entitlement to disability benefits would end in December 1982. This determination was upheld by an administrative law judge (ALJ) and review was denied by the Appeals Council. Kelly then sought judicial review of the termination decision in federal district court. In May 1984, the district court decided that the ALJ had failed to fully develop the record and remanded the case to the Secretary for further administrative proceedings. On remand the Secretary determined that Kelly was entitled to a continued period of disability benefits. In May 1987 the district court dismissed the case without prejudice.
 
 
 3
 Counsel for Kelly then filed a motion for attorney's fees under Sec. 206(b)(1) of the Social Security Act, 42 U.S.C. Sec. 406(b)(1), and under the EAJA. The district court[1] denied the claim for attorney's fees for work performed at the administrative level and then deducted seven hours spent preparing the EAJA fee application. The district court calculated the attorney's fees award on the basis of a total of 38.25 hours and determined that, for purposes of the Social Security Act, a reasonable attorney's fee was $100 per hour, for a total award of $3825. Of that amount, the district court awarded $2868.75 (38.25 hours at $75 per hour),[2] plus $60 in costs, under the EAJA. The balance of $956.25 was awarded under the Social Security Act, to be paid out of the retroactive benefits due Kelly, subject to the condition that the total of that amount plus the fee awarded by the Secretary for representation at the administrative level could not exceed 25% of the retroactive benefits due. Kelly v. Bowen, No. J-C-83-239 (E.D.Ark. July 17, 1987) (order).
 
 
 4
 The only issue on appeal is whether the district court correctly calculated the amount of the attorney's fees to be awarded under the EAJA. It is not disputed that, for purposes of the EAJA, Kelly was a prevailing party or that the position of the government was not substantially justified. Counsel argues the district court erred in deducting the time spent in preparation of the EAJA fee application and in disallowing expenses incurred at both the judicial and administrative levels. The government argues that the district court did not abuse its discretion in disallowing recovery under the EAJA for time spent in preparing the EAJA fee application or for expenses.
 
 
 5
 Fees for Preparation of the EAJA Fee Application
 
 
 6
 The case law is divided over whether the reasonable attorney's fee that an attorney is entitled to recover under the EAJA should include the reasonable time spent by counsel preparing the EAJA fee application. Compare Trichilo v. Secretary of HHS, 823 F.2d 702, 707 (2d Cir.1987) (allowing EAJA fees for preparation of EAJA fee application) (citing cases); Lee v. Johnson, 799 F.2d 31, 39 (3d Cir.1986); Volpe v. Heckler, 610 F.Supp. 144, 147 (S.D.Fla.1985), with Continental Web Press, Inc. v. NLRB, 767 F.2d 321, 324 (7th Cir.1985) (no EAJA fees for preparation of EAJA fee application); Rawlings v. Heckler, 725 F.2d 1192, 1196 (9th Cir.1984). We think the time spent preparing the EAJA fee application should be compensable under the EAJA because it is "necessary for the preparation of the party's case." 28 U.S.C. Sec. 2412(d)(2)(A). Preparation of the EAJA fee application is necessary to bring the matter before the court; counsel cannot recover any attorney's fees unless he or she first prepares an itemized statement of the time spent and subject matter discussed. Counsel must prepare the EAJA fee application whether or not the government subsequently decides to contest the amount of attorney's fees claimed or the award of attorney's fees.
 
 
 7
 [T]he very purpose of the EAJA is to ensure that persons aggrieved by unreasonable governmental actions are not prevented from vindicating their claims by the potentially high costs involved in doing so. Since the [EAJA] primarily assures prevailing plaintiffs their reasonable attorney's fees, it would be ironic if claiming those very fees--which would have been unnecessary if not for the governmental action--was the one act for which a claimant could not receive compensation.
 
 
 8
 Trichilo v. Secretary of HHS, 823 F.2d at 707.
 
 
 9
 Whether or not counsel is entitled to recover additional attorney's fees in connection with litigation over the propriety of attorney's fees awarded is a separate question. See United States v. Estridge, 797 F.2d 1454, 1460 (8th Cir.1986) (differentiating between EAJA award in connection with underlying litigation and EAJA award in connection with subsequent litigation over the EAJA award itself).
 
 Expenses
 
 10
 The case law is also divided on the scope of expenses recoverable under 28 U.S.C. Sec. 2412(d)(2)(A). Counsel seeks compensation for out-of-pocket litigation expenses such as telephone calls, postage, air courier costs, and travel expenses. Some courts have viewed the specific items set forth in Sec. 2412(d)(2)(A) as an exclusive list of the expenses compensable under the EAJA. E.g., Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir.1986) (no postage fees); Massachusetts Fair Share v. LEAA, 249 U.S.App.D.C. 400, 776 F.2d 1066, 1069-70 (1985) (only duplicating costs allowed); Action on Smoking & Health v. CAB, 233 U.S.App.D.C. 79, 724 F.2d 211, 223-24 (1984) (only photocopying costs allowed). However, other courts have rejected this view and instead regard the specific items listed only as examples of expenses for which compensation may be granted. E.g., Oliveira v. United States, 827 F.2d 735, 744 (Fed.Cir.1987); Granville House, Inc. v. Department of HEW, 813 F.2d 881, 884 (8th Cir.1987); Aston v. Secretary of HHS, 808 F.2d 9, 12 (2d Cir.1986) (telephone, postage, travel, and photocopying costs); International Woodworkers Local 3-98 v. Donovan, 769 F.2d 1388, 1392 (9th Cir.1985) (telephone, postage and air courier, and attorney travel expenses); Holden v. Bowen, 668 F.Supp. 1042, 1053 (N.D.Ohio 1986). In Vaughn v. Heckler, 860 F.2d 295 (8th Cir. Oct. 17, 1988) (order), this court allowed recovery under the EAJA of photocopying expenses and ordinary postage fees but disallowed recovery of fees necessary to express mail materials to meet court deadlines.
 
 
 11
 The second interpretation is consistent with the statutory objectives of the EAJA. We hold that the district court has the authority under Sec. 2412(d)(2)(A) to award "those reasonable and necessary expenses of an attorney incurred or paid in preparation for trial of the specific case before the court, which expenses are those customarily charged to the client where the case is tried." Oliveira v. United States, 827 F.2d at 744.
 
 Fees for Time Spent on Remand
 
 12
 The district court correctly denied counsel's claim for attorney's fees under the Social Security Act for work performed in the initial administrative proceedings. Under the Social Security Act, the Secretary has the exclusive authority to award attorney's fees for representation in administrative proceedings. E.g., Fenix v. Finch, 436 F.2d 831, 838 (8th Cir.1971) (42 U.S.C. Sec. 406(a)). However, because the district court remanded this case to the Secretary for further administrative proceedings, there was a second administrative hearing. In Cornella v. Schweiker, 728 F.2d 978, 988 (8th Cir.1984), decided under the EAJA as originally enacted in 1980, this court held that a Social Security claimant could not recover attorney's fees under the EAJA for work performed in administrative proceedings after remand by the district court. In 1985 Congress reenacted and extended the EAJA. Act of Aug. 5, 1985, Pub.L. No. 99-80, 99 Stat. 183. One court has held that the 1985 legislative history, which quotes with approval certain language from the 1980 legislative history, suggests that Cornella v. Schweiker may have mistaken Congressional intent on this issue. See Hudson v. Secretary of HHS, 839 F.2d 1453, 1460 n. 8 (11th Cir.1988), petition for cert. filed --- U.S. ----, 109 S.Ct. 527, 102 L.Ed.2d 559 (1988); see also Baeder v. Heckler, 826 F.2d 1345, 1347 (3d Cir.1987) (per curiam) (district court may consider "time expended by [claimant's] counsel, following remand, in connection with obtaining [claimant] benefits").
 
 
 13
 We requested the parties to file supplemental briefs on this issue. Counsel for Kelly argues that the administrative proceeding on remand should be considered an adversary adjudication for purposes of the EAJA because the Secretary has adopted a position in the adjudication by accepting the decision of the ALJ and then defending that decision in court. See Hudson v. Secretary of HHS, 839 F.2d at 1460 & n. 8, citing H.R.Conf.Rep. No. 1434, 96th Cong., 2d Sess. 23, reprinted in 1980 U.S.Code Cong. & Admin.News 4953, 5003, 5012 (Social Security administrative hearings would become adversarial, and thus subject to EAJA, if the agency takes a position at some point in the adjudication). The government argues that the administrative proceeding on remand cannot be considered an adversary adjudication for purposes of the EAJA because the Secretary was not represented by counsel or otherwise.
 
 
 14
 The argument of counsel for Kelly has considerable appeal, especially because many Social Security claimants must relitigate their claims at the administrative level. Nonetheless, we believe that the determinative factor is whether the Secretary was represented by counsel or otherwise at the administrative proceeding, not whether the Secretary has adopted a position. As enacted in 1980, the EAJA covered only "adversary adjudications," which it defined by reference to Sec. 504 of the Administrative Procedure Act. 28 U.S.C. Sec. 2412(d)(3), citing 5 U.S.C. Sec. 504(b)(1)(C). Title 5 U.S.C. Sec. 504(b)(1)(C) defines an "adversary adjudication" as one "in which the position of the United States is represented by counsel or otherwise." This definition necessarily excludes most Social Security administrative proceedings because such proceedings are not considered adversarial and the Secretary is usually not represented by counsel or otherwise at such hearings. See Richardson v. Perales, 402 U.S. 389, 403, 91 S.Ct. 1420, 1428, 28 L.Ed.2d 842 (1971). The 1985 legislative history acknowledged that, in general, Social Security administrative proceedings are outside the scope of the EAJA and recognized a limited exception only for those administrative proceedings conducted as part of an experiment in which the Secretary was represented. See H.R.Rep. No. 120 (Part I), 99th Cong., 1st Sess. 10, reprinted in 1985 U.S.Code Cong. & Admin.News 132, 138-39. Accordingly, we reaffirm Cornella v. Schweiker and hold that, under the EAJA as re-enacted and amended in 1985, a Social Security claimant cannot recover attorney's fees for work performed in administrative proceedings after remand.
 
 
 15
 Accordingly, we affirm in part, reverse in part and remand the case to the district court for further proceedings. On remand the district court should include in the EAJA award reasonable attorney's fees for the time spent by counsel preparing the EAJA fee application and those reasonable and necessary expenses incurred by counsel in connection with the court proceedings, such as long-distance telephone expenses, attorney travel expenses, postage, and photocopying costs. In addition, the district court may, upon proper proof, increase the $75 per hour rate for attorney's fees to reflect the increase in the cost of living since October 1, 1981, the effective date of the EAJA as originally enacted. See, e.g., Trichilo v. Secretary of HHS, 823 F.2d at 705-06; Allen v. Bowen, 821 F.2d 963, 967-68 (3d Cir.1987) (proof of increase in cost of living calculated by reference to Consumer Price Index); Hirschey v. FERC, 250 U.S.App.D.C. 1, 777 F.2d 1, 5 (1985).
 
 
 16
 We also note that Kelly can recover reasonable attorney's fees and expenses for this appeal. Counsel should file a supplementary itemized statement in the district court.
 
 No. 87-2164 Payton v. Bowen
 
 17
 In January 1983 Vernon Payton applied for disability and Supplemental Security Income benefits, alleging that he was disabled because of a nervous condition and other problems. His claims were denied. In September 1983, after a hearing, the ALJ determined that Payton was not disabled, and in June 1984 the Appeals Council denied review. Payton sought judicial review in federal district court. In May 1985, the district court[3] reversed and remanded the case to the Secretary for reconsideration of Payton's subjective symptoms and credibility in light of the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98-460, 98 Stat. 1794 (effective date Oct. 9, 1984), and Polaski v. Heckler, 751 F.2d 943, 948 (8th Cir.1984) (filed Dec. 31, 1984). Payton v. Heckler, No. J-C-84-269 (E.D.Ark. May 31, 1985). A supplemental hearing was held in December 1985 at which additional medical information was presented, and in May 1986 the ALJ determined that Payton was disabled and entitled to disability and supplemental security income benefits. In March 1987 the district court dismissed the action without prejudice.
 
 
 18
 Counsel for Payton filed an application for attorney's fees under both the Social Security Act and the EAJA. The government opposed the EAJA fee application. The district court awarded counsel $2,370 in attorney's fees and costs under the Social Security Act but denied the application for attorney's fees under the EAJA. The district court found that the government's position was substantially justified in light of the change in the applicable law between the time of the initial decision and the district court's order remanding the case for reconsideration. Payton v. Bowen, No. J-C-84-269 (E.D.Ark. July 28, 1987).
 
 
 19
 The only issue[4] on appeal is whether the district court abused its discretion in finding that the government's position was substantially justified. E.g., Pierce v. Underwood, --- U.S. ----, 108 S.Ct. 2541, 2548, 101 L.Ed.2d 490 (1988) (non-Social Security case); Trundle v. Bowen, 830 F.2d 807, 809 (8th Cir.1987) (per curiam). The question is whether the underlying agency decision denying Payton benefits and the government's litigation position in defense of that agency decision were "clearly reasonable, well founded in law and fact, solid though not necessarily correct." United States v. 1,378.65 Acres of Land, 794 F.2d 1313, 1318 (8th Cir.1986).[5] We find no abuse of discretion. The government's position at the administrative level and in court had a reasonable basis in fact. Evidence in the record supported both Payton's claim of disability and the Secretary's position that Payton was not disabled. The government's position at the administrative level and in court also had a reasonable basis in law, both at the time of the Secretary's decision and the action for judicial review. This is not a case in which the government's position disregarded the established law of the circuit. See Trundle v. Bowen, 830 F.2d at 811.
 
 
 20
 Accordingly, the order of the district court is affirmed.
 
 SUMMARY
 
 21
 The order of the district court in No. 87-1999 is affirmed in part and reversed in part and the case is remanded to the district court for further proceedings.
 
 
 22
 The order of the district court in No. 87-2164 is affirmed.
 
 
 
 [1]
 The Honorable G. Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas
 
 
 [2]
 The district court noted that under the EAJA, in the absence of special factors, the hourly rate was limited to the statutory rate of $75 per hour, 28 U.S.C. Sec. 2412(d)(2)(A)(ii), and found no special factor
 
 
 [3]
 The Honorable George Howard, Jr., United States District Judge for the Eastern and Western Districts of Arkansas
 
 
 [4]
 Payton is a prevailing party for purposes of the EAJA; he was not awarded benefits on remand solely because of an intervening event or events, i.e. the enactment of the Social Security Disability Benefits Reform Act of 1984 or the decision in Polaski v. Heckler, 751 F.2d 943 (8th Cir.1984). See, e.g., Truax v. Bowen, 842 F.2d 995, 997 (8th Cir.1988) (per curiam); Brouwers v. Bowen, 823 F.2d 273, 275 (8th Cir.1987) (per curiam). The district court based its decision on the merits in part upon the Secretary's failure to properly consider Payton's subjective complaints. Payton v. Bowen, No. J-C-84-269 (E.D.Ark. May 31, 1985)
 
 
 [5]
 Compare Pierce v. Underwood, --- U.S. ----, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988) ("substantial justification" means "justified to a degree that could satisfy a reasonable person"), with id. 108 S.Ct. at 2555-57 (Brennan, J., concurring in part and concurring in the judgment) ("substantial justification" requires a "solid basis (as opposed to a marginal basis or a not unreasonable basis) in both law and fact")