735 F.Supp. 329 (1990)
Gregory JOHNSON, Plaintiff,
v.
Otis R. BOWEN, etc., Defendant.
No. 87-2132C(3).
United States District Court, E.D. Missouri.
April 2, 1990.
Joel D. Ferber, Legal Services of Eastern Missouri, Inc., St. Louis, Mo., for plaintiff.
Eric T. Tolen, U.S. Atty.'s Office, St. Louis, Mo., for defendant.

ORDER
HUNGATE, District Judge.
This matter is before the Court on plaintiff's unopposed motion for entry of final judgment and award of attorney's fees pursuant to the Equal Access to Justice Act. For the reasons set forth below, plaintiff's motion will be granted.
Plaintiff applied for supplemental security income and disability benefits alleging his alcoholism and lower back pain prevented him from working. The application was denied initially, after a hearing, and after appeal to the Appeals Council. Plaintiff's *330 motion for summary judgment was referred to a magistrate who recommended remanding the case for further proceedings in compliance with procedures established for evaluating disability claims based on alcoholism and other non-exertional impairments. The Court adopted the recommendation and on remand, the Secretary awarded plaintiff the requested benefits.
A disability benefit claimant is a prevailing party if the claimant obtains the benefit originally sought on appeal to the district court. See Swedberg v. Bowen, 804 F.2d 432, 434 (8th Cir.1986); Cook v. Heckler, 751 F.2d 240 (8th Cir.1984). While a party is not required to receive all of the benefits requested, the claimant must receive some in order to be a prevailing party. Cook, 751 F.2d at 241. Plaintiff in this case is a prevailing party in that he obtained the benefits sought on appeal.
Unless the government's position was substantially justified, plaintiff is entitled to receive the attorney's fees expended in obtaining the benefits. The government bears the burden of proving its position was substantially justified. As the Court noted, the government has filed nothing in response to claimant's motion. Moreover, upon review of the record, the Court finds the government's position was not substantially justified.
The Secretary failed to evaluate all the evidence concerning the claimant's subjective complaints of non-exertional impairments and to develop the record fully. The Secretary failed to give reasons for discrediting claimant's testimony of pain, as required by Polaski v. Heckler, 739 F.2d 1320 (8th Cir.1984); see Jones v. Bowen, 841 F.2d 849, 851 (8th Cir.1980) (generalized credibility findings unacceptable). The Secretary failed to evaluate the effect of claimant's alcoholism as required by this circuit. See Adams v. Weinberger, 548 F.2d 239, 244 (8th Cir.1977) (articulating test for determination of whether claimant's alcoholism is disabling). Finally, the Secretary's selective reliance on isolated aspects of the record, including the opinions of non-examining physicians, in the face of overwhelming evidence of the disabling effects of claimant's drinking, is contrary to established law in this circuit and cannot be substantially justified on this record.
The claimant was represented by the Legal Services of Eastern Missouri, which seeks attorney's fees at the rate of $100.00 per hour. In Kelly v. Bowen, 862 F.2d 1333, 1336 (8th Cir.1988), the Eighth Circuit held that a district court may, upon proper proof, increase the $75 per hour rate for attorney's fees to reflect the increase in the cost of living since October 1, 1981 (the effective date of the Equal Access to Justice Act as originally enacted). The Kelly court also indicated proof of increase would be calculated by reference to the Consumer Price Index. See id.
Plaintiff has provided the Court with the Consumer Price Index ("CPI") figures relevant to this case. In September 1981, the CPI measured 92.0. In September 1989, the CPI measured 123.90, an increase of thirty-five percent. The 1981 fee ceiling of $75.00, enhanced by this factor yields an adjusted 1989 fee ceiling of $101.25. In light of the above, the Court finds an award of attorney's fees of $100.00 per hour to be reasonable. Moreover, counsel submitted affidavits indicating $100.00 per hour is a reasonable attorney's fee for the work performed in the instant case.
Plaintiff seeks recovery for 51.3 hours of work which has been meticulously documented and itemized in the affidavits attached to the motion. Upon review of these affidavits, the Court finds 51.3 hours to be reasonable. The Court notes this total includes 23.1 hours related to the administrative proceeding following remand. See Sullivan v. Hudson, ___ U.S. ___, 109 S.Ct. 2248, 2258, 104 L.Ed.2d 941 (1989) (attorney's fees available for representation at administrative hearing on remand).
Accordingly,
IT IS HEREBY ORDERED that plaintiff's unopposed request for entry of final judgment and for attorney's fees is granted.
IT IS HEREBY FURTHER ORDERED that judgment is entered for plaintiff.
*331 IT IS HEREBY FURTHER ORDERED that the government is to pay Legal Services of Eastern Missouri, the sum of $5,130.00, for attorney's fees, pursuant to the provisions of the Equal Access to Justice Act.