Kim JOHNSON, Appellant,

v.

Louis W. SULLIVAN, Secretary of
Health & Human Services,
Appellee.

Eddie GAGE, Appellant,

v.

Louis W. SULLIVAN, M.D., Secretary
of Health and Human
Services, Appellee.

Ethel FREDERICK, Appellant,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES, Louis W.
Sullivan, M.D., Appellee.

Alfred A. SMITH, Appellant,

v.

Louis W. SULLIVAN, Secretary of
Health
and Human Services, Appellee.

Nos. 89–2834, 89–2842, 89–2904, 90–2260.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 9, 1990.

Decided Nov. 23, 1990.

---

**504**

Brian Wolfman, Little Rock, Ark., for appellant.

Joyce Shatteen, Dallas, Tex., for appellee.

Before LAY, Chief Judge, and HEANEY and TIMBERS,* Senior Circuit Judges.

HEANEY, Senior Circuit Judge.

Appellants, prevailing parties in actions brought against the Secretary of Health and Human Services challenging denials of Social Security disability benefits, made applications for awards of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). At issue in these consolidated appeals is whether the district court abused its discretion in denying appellants' counsel attorney's fees of more than $75 per hour to reflect an increase in the cost of living under 28 U.S.C. § 2412(d)(2)(A)(ii). In each case, cost-of-living enhancements were denied because "[t]he legislative history of the enactment and subsequent reenactment of the EAJA legislation convinces the Court that an increase at this time based upon a cost of living adjustment is not warranted." *E.g., Johnson v. Sullivan*, No. LR–C–88–172, slip op. at 2 (E.D.Ark. Oct. 11, 1989).

█ The orders denying enhanced fees do not disclose precisely which portion of the EAJA's legislative history persuaded the district court that a cost-of-living adjustment was not warranted. Moreover, we believe that the EAJA's language and our prior cases make resort to legislative history unnecessary. The statute states: "attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living

or a special factor ... justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii) (1988). We have interpreted this language to mean that "the district court may, upon proper proof, increase the $75 per hour rate for attorney's fees to reflect the increase in the cost of living since October 1, 1981, the effective date of the EAJA as originally enacted." *Kelly v. Bowen*, 862 F.2d 1333, 1336 (8th Cir.1988) (citations omitted).

█ In these cases, appellants' counsel requested attorney's fees of $99.67 per hour and submitted the United States Department of Labor's Consumer Price Index as proof that the cost of living had increased 33.83% from October 1981 through September 1989. He also submitted evidence of the background and experience on which his customary hourly rate is based and evidence that another district court in the Eastern District of Arkansas had awarded him EAJA fees of $94 per hour one year earlier. The Secretary presented no evidence to suggest that the requested hourly rate was unreasonable, unjustified, or otherwise improper. Under these circumstances, the district court abused its discretion in concluding that a cost-of-living increase was not warranted. We believe that the Consumer Price Index constitutes "proper proof" of the increased cost of living since the EAJA's enactment and justifies an award of attorney's fees greater than $75 per hour in these cases. *See Kelly*, 862 F.2d at 1336 (citing *Allen v. Bowen*, 821 F.2d 963, 967 (3d Cir.1987) (expressly approving use of Consumer Price Index in determining EAJA cost-of-living adjustment)); *see also Ramon–Sepulveda v. INS*, 863 F.2d 1458, 1463–64 (9th Cir.1988) (using Consumer Price Index to calculate increase in cost of living since 1981, awarding EAJA fees of $94 per hour).

In defending the district court's action, the Secretary does not dispute the increase in the cost of living or the method used to prove it. Rather, he asserts that a cost-of-living increase in the hourly rate of EAJA fees is not automatic, citing our opinion in

* The Honorable William H. Timbers, Senior Circuit Judge for the United States Court of Appeals for the Second Circuit, sitting by designation.

*McNulty v. Sullivan,* 886 F.2d 1074 (8th Cir.1989). In *McNulty,* we stated:

Although "the district court may, upon proper proof, increase the $75 per hour rate for attorney's fees to reflect the increase in the cost of living," ... this increase is not automatic.... In this instance, McNulty failed to submit proof supporting his request for a higher fee to the district court.

*Id.* at 1074 (citations omitted).

Because these appellants submitted ample, unrebutted proof to support their requests for enhanced attorney's fees, *McNulty*'s holding fails to support the Secretary's position. While the ultimate amount of an EAJA fee award remains within the district court's discretion, the district court's refusal to grant a cost-of-living increase based on the EAJA's enactment and re-enactment was not a valid exercise of that discretion. Of the courts of appeal that have considered the issue, most agree that Congress intended cost-of-living adjustments in EAJA fee awards to reflect the increase in the cost of living since 1981. *See Ramon–Sepulveda v. INS,* 863 F.2d 1458, 1464 (9th Cir.1988); *Kelly v. Bowen,* 862 F.2d 1333, 1336 (8th Cir.1988); *Baker v. Bowen,* 839 F.2d 1075, 1084 (5th Cir.1988); *Trichilo v. Secretary of Health & Human Servs.,* 823 F.2d 702, 705–06 (2d Cir.1987); *Allen v. Bowen,* 821 F.2d 963, 967 (3d Cir.1987); *Sierra Club v. Secretary of the Army,* 820 F.2d 513, 523 (1st Cir. 1987); *Hirschey v. F.E.R.C.,* 777 F.2d 1, 5 (D.C.Cir.1985).

■ We hold that where, as here, an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75 per hour, enhanced fees should be awarded. The district court should, of course, also consider any circumstances that would render a cost-of-living increase unjust or improper. For example, evidence that the petitioner's counsel ordinarily charges a fee no greater than $75 per hour would preclude a cost-of-living increase above that amount. Under ordinary circumstances, however, the cost of living affects each litigant within a judicial district to the same degree. Proper proof of an increase in that cost of living should result in consistent hourly fee awards in each case, rather than producing disparate fee awards from each court within the district or from different districts within this circuit.

Accordingly, we reverse the district court's orders and remand these cases for recalculation of the attorney's fees awarded consistent with this opinion.