Joann HICKEY, Appellant,

v.

SECRETARY OF HHS, Louis W. Sullivan, Appellee.

No. 90–1731.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 4, 1990.

Decided Jan. 10, 1991.

Anthony W. Bartels, Jonesboro, Ark., for appellant.

Joyce Shatteen, Dallas, Tex., for appellee.

Before JOHN R. GIBSON, Circuit Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

Joann Hickey appeals from a judgment of the district court awarding her counsel attorney's fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA), for his successful representation of her social security disability claim. We affirm in part and reverse and remand in part.

■ Hickey argues that the district court abused its discretion in reducing the number of hours submitted by counsel. We disagree. The court stated it was reducing the number of hours because, among other reasons, counsel claimed excessive hours for preparing routine letters, a form complaint, and a motion for summary judgment that contained "canned" material. The district court was "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe first-hand counsel's representation on the substantive aspects of the disability claim." *Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir.1989).

■ Hickey also argues that the court erred in failing to enhance the $75 statutory hourly rate because of inflation, noting that counsel submitted information from the Consumer Price Index (CPI) in support of the request. In *Kelly v. Bowen,* 862 F.2d 1333, 1336 (8th Cir.1988), this court stated that "the district court may, upon proper proof, increase the $75 per hour rate for attorney's fees to reflect the cost of living since October 1, 1981, the effective date of EAJA as originally enacted." In *Johnson v. Sullivan,* 919 F.2d 503 (8th Cir.1990), this court recently stated that the CPI "constitutes 'proper proof' of the increased cost of living since the EAJA's enactment and justifies an award of attorney's fees greater than $75 per hour in these cases." 919 F.2d at 504. The court noted, however, that the district court "should, of course, also consider any circumstances that would render a cost-of-living increase unjust or improper[,]" such as evidence that counsel customarily did not charge an hourly rate in excess of $75. 919 F.2d at 505. The court believed that "[u]nder ordinary circumstances, however, the cost of living affects each litigant within a judicial district to the same degree[,]" and that "[p]roper proof of an increase in that cost of living should result in consistent hourly fee awards in each case, rather than producing disparate fee awards from each court within the district or from different districts within this circuit." *Id. Johnson* originated from the Eastern District of Arkansas.

Given *Johnson's* emphasis on uniformity of hourly rates in a judicial district and that this case is also from the Eastern District of Arkansas, we believe it is appropriate to remand the case for reconsideration in light of *Johnson.*[1]

Accordingly, the judgment of the district court is affirmed in part and reversed and

---

1. Counsel in *Johnson* requested an hourly fee of $99.67. Hickey's counsel requested $100 per hour.

We note that the district court also refused to enhance the hourly rate on the alternative ground that there were no "special factors" to justify an enhancement, *see Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), but failed to give reasons in support. On appeal Hickey asserts counsel's specialization in social security disability law is a special factor warranting enhancement. At this time

we need not address this argument. If on remand the district court refuses to enhance the hourly rate based on the cost of living, the court should explain why it has denied an enhancement based on counsel's specialization in social security disability cases.

On remand the court should also recalculate expenses, in light of the Secretary's concession that certain post-remand administrative expenses are recoverable and withdrawal of his objection to certain copying costs.

remanded in part for further proceedings consistent with this opinion.