879 F.Supp. 89 (1995)
UNITED STATES of America, Plaintiff,
v.
Charles E. KNOTE, et al., Defendants.
No. 1:91CV87SNL.
United States District Court, E.D. Missouri, Southeastern Division.
January 5, 1995.
Michael A. Price, Asst. U.S. Atty., Cape Girardeau, MO, Tom C. Clark, II, Trial Atty., Environmental Enforcement Section, U.S. Dept. of Justice, Washington, DC, for plaintiff.
Francis M. Gaffney, Sonnenschein, Nath & Rosenthal, St. Louis, MO, John S. Hahn, Sonnenschein, Nath & Rosenthal, Washington, DC, for defendants.

ORDER
LIMBAUGH, District Judge.
This matter is before the Court on the defendants' petition for award of attorneys' fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, filed November 16, 1994 along with their supplemental bill, filed December 22, 1994. The Government has filed a response.
To be eligible for an award of fees and expenses under the EAJA, the party seeking the fees must meet these requirements: 1) be a prevailing party; 2) have a net worth of less than $2,000,000.00 at the time the underlying action was filed; and 3) the fees and expenses were "incurred by that party in [the] civil action" in which the party prevailed. 28 U.S.C. § 2412(d)(1)(A)-(2)(B).
In the instant matter, there is no dispute that the defendants have met their threshold requirements. However, pursuant to the EAJA, a prevailing party is entitled to an award of attorneys' fees "unless the court finds that the position of the United States was substantially justified ..." 28 U.S.C. § 2412(d)(1)(A). "Substantially justified" means "justified in substance or in the main". Pierce v. Underwood, 487 U.S. 552, 553, 108 *90 S.Ct. 2541, 2543, 101 L.Ed.2d 490 (1988). The Government has the burden of proving that its position was substantially justified, or that special circumstances make an award of attorneys' fees and expenses unjust. See, Moseanko v. Yeutter, 944 F.2d 418, 427 (8th Cir.1991). The Government must show that its position had a reasonable basis in law and fact; i.e. show that the Government's position was "justified to a degree that could satisfy a reasonable person" under similar circumstances. Pierce v. Underwood, 487 U.S. at 565-66, 108 S.Ct. at 2550.
The Government objects to the fee petition in two respects. Firstly, it believes that the position it took in this litigation was "substantially justified", therefore, the defendants are not entitled to recover any fees or expenses. Secondly, the Government contends that if the Court should find that the defendants are entitled to recovery of fees and expenses, then the fees should only be increased to account for an increase in the cost of living. Finally, the Government argues that this inflation-adjusted fee, which it concedes amounts to $119.96/hour, should be considered as an hourly fee cap for all defense counsel. The defendants aver that the Government's position in this litigation was never substantially justified; and that no hourly cap should be set on their counsel's fees due to the need of specialized assistance in this case. They request their full amount of attorneys' fees and costs incurred, which presently total $75,641.29.
After careful consideration of the parties' pleadings, the district court file on this case, and the Eighth Circuit Court of Appeals opinion affirming this Court's decision, the Court finds that the Government's position was not substantially justified. Thus, the defendants are entitled to some portion, if not all, of the requested fees and costs.
The Government agrees that if fees are awarded, the statutory rate of $75.00/hour should be adjusted for inflation to a rate of $119.96/hour.[1] The parties disagree as to whether this "cap" should be the maximum cap or the minimum cap. The Government seeks to impose a maximum rate of $119.96 for each of the attorneys who worked on defendants' case (except for two associates who billed at $100/hour); while the defendants seek to have their attorneys' fees recovered at the billed rate for each attorney.
The defendants are entitled to attorneys' fees in excess of the statutory rate, not only if the Court determines that an increase in the cost of living justifies the higher fee, but also if the Court determines that a special factor such as the limited availability of qualified attorneys for the proceedings involved justifies the higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii).
After reviewing the court file and the defendants' submitted affidavits and billings, the Court determines that the defendants are entitled to attorneys' fees as requested. This case required specialized environmental litigation skills. It was also instrumental to the case that counsel who had negotiated the subject consent decree from its beginnings protect the rights that the defendants had obtained in the negotiations. The Court firmly believes that in the long-run considerable time and cost was saved by retaining the same counsel that was intimate with the history of the Kem-Pest site and the consent decree since 1987, represent the defendants in their fight to enforce the provisions of the consent decree. The defendants' fight to enforce the consent decree required application of distinctive knowledge and specialized skills not only in environmental and agency regulatory law, but a familiarity with the subject toxic site. The Sonnenschein firm filled this need without question.
As for the attorneys' hourly rates, there is nothing before this Court which contradicts *91 the defendants' assertions that the firm's regular hourly rates have been lowered to reflect the lower prevailing market rate in St. Louis. The Court has reviewed these rates, which vary from $100.00/hour to $220.00/hour, and finds same to be reasonable.
After careful consideration of the matter, the Court finds the application (along with the supplemental materials) reasonable and acceptable as to the hours expended in this case, the hourly rates, and the costs incurred. The Court will grant the fees' application for $66,584.50 in fees and $9056.79 in costs for a total amount of $75,641.29.
Accordingly,
IT IS HEREBY ORDERED that the defendants' petition for attorneys' fees and costs, filed November 16, 1994, along with supplemental materials, filed December 22, 1994 be and is GRANTED.
IT IS FINALLY ORDERED that the defendants are awarded attorneys' fees and costs, pursuant to the EAJA, in the amount of $66,584.50 in fees and $9056.79 in costs, for a total award of $75,641.29.
NOTES
[1] 28 U.S.C. § 2412(d)(2)(A)(ii) limits the hourly rate for recovery of attorneys' fees to $75.00/hour unless the Court finds that an increase in the cost of living justifies a higher fee. The increase in the cost of living is measured against the Consumer Price Index from October 1, 1981 (date of enactment of the EAJA) to the date of the filing of the petition for a fee award. Johnson v. Sullivan, 919 F.2d 503 (8th Cir.1990); Kelly v. Bowen, 862 F.2d 1333 (8th Cir.1988). In the present case, although the defendants filed their fee petition in November 1994, they submitted the most recently available statistics  September 1994. These statistics indicate that the Consumer Price Index rose 59.95% during the relevant time-period.