**Eula F. KRAMER, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant.**

**No. Civ. 1–98–CV–10004.**

United States District Court, S.D. Iowa, Western Division.

March 3, 1999.

Timothy N. Tripp, Grefe & Sidney, Pella, IA, for plaintiff.

Christopher D. Hagen, Assistant U.S. Attorney, Des Moines, IA, for defendant.

## ORDER

LONGSTAFF, Chief Judge.

The Court has before it plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Plaintiff requests an award of $5,665.15, based on 41.1 attorney hours at an hourly rate of $131.92, and $243.24 for costs. Defendant resists the motion.

■ A plaintiff is entitled to EAJA fees if the Commissioner's position was not "substantially justified" *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir.1987). It is the Commissioner's burden to prove its position was substantially justified at both the administrative and litigation levels. *Gowen v. Bowen*, 855 F.2d 613, 615 (8th Cir.1988). The test for such determination is whether a reasonable person could be satisfied that the Commissioner's position was justified. *Jackson v. Bowen*, 807 F.2d 127, 128–29 (8th Cir.1986) (per curiam). For the reasons set forth in this Court's order of November 6, 1998, the Commissioner's position was not substantially justified.

■ Plaintiff's requested award of $5,665.15, however, is not appropriate in this case. The Court has discretion to reduce the amount of the fee award based on the substance of the representation. *See Hickey v. Secretary of HHS*, 923 F.2d 585, 586 (8th Cir.1991) (per curiam). Although the attorney's work in this case was valuable to the client, the issues were not novel or complex, and the hours counsel claims appear excessive. *See Stockton v. Shalala*, 36 F.3d 49, 50 (8th Cir.1994) (court may reduce amount of compensable hours by attorney if excessive preparation time). For example, the attorney's itemization of hours indicates he spent over eleven hours drafting and editing the fact section of the brief. Although the fact portion of plaintiff's brief was thorough, the detail plaintiff presented was unnecessary and not particularly relevant to the Court's decision, or to the plaintiff's argument. The Court recognizes that the present counsel was not plaintiff's attorney at the administrative stage, however, the itemization of attorney time also indicated counsel spent several hours reviewing the case prior to drafting the fact section of the brief. Additionally, the Court notes that counsel spent 6.2 hours of the time claimed preparing the motion in the instant case, and accompanying documents. The Court finds counsel's time to be excessive in these and other areas, relative to the times claimed by other counsel in appeals involving similar issues. Based on this court's experience, the usual time claimed in cases involving issues that are not particularly complex or novel, such as the instant case, is fifteen (15) to twenty (20) hours.

After review of counsel's itemization of hours, the Court has determined it shall compensate counsel for fifteen (15) hours of work at an hourly rate of $131.92,[1] for a total of $2,370.60. The Court concludes

---

1. The Commissioner does not contest the hourly rate plaintiff claims; therefore, the Court accepts it as appropriate.

fifteen hours is a reasonable amount of time for work on the appeal in the instant case. Plaintiff shall also be compensated for expenses in the amount of $223.24.[2]

Based on the foregoing, plaintiff's request for attorney fees is GRANTED for 15 hours at an hourly rate of $131.92, or $1,978.80, plus expenses of $223.24, for a total of $2,202.04.

IT IS SO ORDERED.

**2.** Plaintiff claims an expense of $20 for "medical records." Defendant notes in the resistance to the fee application that all relevant medical records would be contained in the administrative record, and that plaintiff must apply to the Commissioner for reimbursement of such expenses, pursuant to 42 U.S.C. § 405(a). Plaintiff did not respond to defendant's argument, and therefore the Court presumes the Commissioner was correct in identifying the purpose of the medical record expense. The Court therefore reduces the claimed expenses by $20.