Brenda L. WALKER, Plaintiff,

v.

Jo Anne B. BARNHART,
Commissioner of Social
Security, Defendant.

No. 4:02–CV–40423.

United States District Court,
S.D. Iowa,
Central Division.

Dec. 18, 2003.

Timothy N. Tripp, Pella, IA, for Plaintiff.

Inga Bumbary–Langston, United States Attorney, Des Moines, IA, for Defendant.

## ORDER FOR ATTORNEY FEES AND EXPENSES

GRITZNER, District Judge.

To contest the final agency determination of the Social Security Commissioner denying Plaintiff's claim for Social Security Disability benefits, Plaintiff sought judicial review with this Court. *See* 42 U.S.C. § 405(g). Before this administrative appeal was fully submitted, Defendant requested the Court reverse the decision of the Administrative Law Judge and remand this action to Defendant pursuant to sentence four of 42 U.S.C. § 405(g). This request was not resisted by Plaintiff. On August 19, 2003, this Court entered an order reversing the Administrative Law Judge's decision and remanding the case to the Appeals Council of the Social Security Administration pursuant to sentence four of 42 U.S.C. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 297, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993) (indicating that "[i]mmediate entry of judgment ... is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand."); *Melkonyan v. Sullivan*, 501 U.S. 89, 98, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991) (recognizing that in sentence-six remands, "[t]he district court does not affirm, modify, or reverse the administrative determination, nor does it rule on the correctness of the administrative determination...."); *Pottsmith v. Barnhart*, 306 F.3d 526, 528 (8th Cir.2002) (discussing distinctions between sentence-four and sentence-six remands). Judgment to this effect was entered the same day.

Before the Court is an application by Plaintiff for attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Plaintiff's motion for attorney fees was accompanied by an attached itemization of time involved in this case, alleged to have amounted to 18.2 hours. *Id.* Additionally, Plaintiff provided

a copy of the Consumer Price Index to support the request of increasing the statutory hourly rate allowable when calculating the requested attorney fees. Combined, Plaintiff requests total fees in the amount of $2,681.22 for the work expended on this case, $900 for paralegal fees, and court related expenses of $203.70, for a total amount of $3,784.92.

## APPLICABLE LAW

In order to be eligible for an award of fees and expenses under EAJA, a party "seeking fees must show that: (1) it is a prevailing party; (2) if an individual, his or her net worth did not exceed $2,000,000 at the time the action was filed . . .; and (3) that the fees and other expenses sought were incurred by that party 'in the civil action' " for which fees are sought. *See SEC v. Comserv Corp.*, 908 F.2d 1407, 1412 (8th Cir.1990) (citing 28 U.S.C. §§ 2412(d)(1)(A)-(2)(B)).

Pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Administrative Law Judge was reversed, and Plaintiff's case was remanded to the Appeals Council of the Social Security Administration. "No holding of this Court has ever denied prevailing-party status (under § 2412(d)(1)(B)) to a plaintiff who won a remand order pursuant to sentence four of § 405(g)." *Shalala*, 509 U.S. at 300, 113 S.Ct. 2625. Further, Plaintiff is an individual whose net worth did not exceed two million dollars at the time the action was filed. Finally, there is no question that the fees sought were incurred in the same action for which the fees are sought.

The last qualification needing to be met in order to qualify for EAJA attorney fees is that the Commissioner's position must not have been substantially justified. *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir.1987) (discussing 28 U.S.C. § 2412(d)(1)(A)). The burden of showing substantial justification rests upon the Commissioner at both the administrative and litigation levels. *See Kramer v. Apfel*, 57 F.Supp.2d 774, 775 (S.D.Iowa 1999) (citing *Gowen v. Bowen*, 855 F.2d 613, 618 (8th Cir.1988)). In this case, it was the Commissioner who requested the case be reversed and remanded, indicating the Commissioner's position was not substantially justified. The Court determines Plaintiff's counsel does qualify to receive reasonable attorney fees under EAJA.

In *Shalala*, the Supreme Court determined that the thirty (30) day time period in which to submit a request for fees and costs under EAJA begins running after the time for appealing the judgment has ended. *Shalala*, 509 U.S. at 302–03, 113 S.Ct. 2625. In this case, the Commissioner of Social Security, a party to this action, is a federal officer. Under Rule 4(a) of the Federal Rules of Appellate Procedure, where, as in this case, a federal officer is a party, there exists a sixty (60) day period after the entry of judgment in which to appeal the judgment. *See* Fed. R.App. Proc. 4(a). Under the directive in *Shalala*, EAJA's thirty (30) day time limit in which to apply for fees and costs begins once this sixty (60) day window in which to appeal ends. *Shalala*, 509 U.S. at 302–03, 113 S.Ct. 2625. Judgment in this case was entered by this Court on August 19, 2003; the parties had until October 19, 2003, to appeal; and the Plaintiff had until November 19, 2003, to submit an application for attorney fees under EAJA. Plaintiff's application for attorney fees filed on September 19, 2003, was therefore timely. The Commissioner has not resisted either the right to collect or the amount of attorney fees requested.

As it now reads, EAJA indicates that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a

higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The Eighth Circuit has interpreted this language to mean that "the district court may, upon proper proof, increase the ... rate for attorney's fees to reflect the increase in the cost of living ...." *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir.1990) (quoting *Kelly v. Bowen,* 862 F.2d 1333, 1336 (8th Cir.1988) (citations omitted)). Plaintiff's attorney requests an increase from the statutorily allowed rate of $125 per hour to $147.32 per hour, based upon a 17.86 percent increase in the cost of living reflected in the Consumer Price Index included with the attorney fee request.

■ Where the United States Department of Labor's Consumer Price Index is submitted as proof of an increase in the cost of living, and where such submission is not challenged by the Commissioner as being unreasonable, unjustified, or otherwise improper, a district court abuses its discretion in concluding that a cost of living increase is not warranted. *See Johnson,* 919 F.2d at 504. In such a situation, the Eighth Circuit has determined that "the Consumer Price Index constitutes 'proper proof' of the increased cost of living ... and justifies an award of attorney's fees greater than [the amount statutorily provided for]." *Hickey v. Sec'y of HHS,* 923 F.2d 585, 586 (8th Cir.1991) (per curiam).[1] In this case, the Commissioner has not challenged the requested increase from $125 per hour to $147.32 to reflect a 17.86 percent increase in the cost of living. Nothing has been provided to suggest the existence of "circumstances that would render a cost-of-living increase unjust or improper." *See Johnson,* 919 F.2d at 504.

As such, the Court accepts the submission of the Consumer Price Index to justify increasing the statutorily provided for rate for attorney fees from $125 to $147.32 per hour, accounting for an increase in the cost of living. *See id.*

While the Commissioner has not challenged the requested fees or increase of the statutorily provided for per hour compensation, this Court must still address whether the requested fees are reasonable. *See generally Olenhouse v. Commodity Credit Corp.,* 922 F.Supp. 489, 494 (D.Kan. 1996) (indicating that "[a]lthough the agency does not challenge the fees and expenses, this court must review the submitted fees.").

■ In reviewing a request for attorney's fees, "the district court [is] 'in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe first-hand counsel's representation on the substantive aspects of the disability claim.'" *Hickey,* 923 F.2d at 586 (8th Cir.1991) (quoting *Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir.1989), *abrogated on other grounds by Gisbrecht v. Barnhart,* 535 U.S. 789, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002)). After reviewing the itemization of time spent on this case, the Court concludes the reported 18.2 hours of work alleged to have been spent on this case is reasonable under the circumstances. Attorney fees are allowed in the amount of $2,681.22.

■ Plaintiff also requests reimbursement of paralegal fees in the amount of $900. Counsel asserts that 12 hours of

---

**1.** It should be noted that *Hickey* and *Johnson* were decided when the maximum allowable rate for fees under § 2412(d)(2)(A)(ii) was $75 per hour. Now the maximum allowable rate for fees is $125 per hour. *See* § 2412(d)(2)(A)(ii). The Eighth Circuit's acceptance of the Consumer Price Index as

"proper proof" justifying an increase in the maximum allowable rate per hour for attorney's fees for cost of living adjustments is not affected by the increase in the statutorily provided maximum hourly rate allowable for attorney fees.

paralegal time, at the rate of $75 per hour, helped keep the number of billable attorney hours as low as possible. The Court concurs that the use of a paralegal helps to reduce the number of hours required of counsel. Paralegal fees are an allowable expense, *see Stockton v. Shalala,* 36 F.3d 49, 50 (8th Cir.1994), and the Court finds that $75 per hour is a reasonable fee for such services. Paralegal fees are therefore allowed in the amount of $900.

■ Finally, Plaintiff requests reimbursement for reasonable expenses incurred in connection with the court proceedings. The EAJA allows for the reimbursement of those "reasonable and necessary expenses incurred by counsel in connection with the court proceedings, such as long-distance telephone expenses, attorney travel expenses, postage, and photocopying costs." *Kelly,* 862 F.2d at 1336 (8th Cir.1988). Plaintiff's counsel has itemized reasonable expenses related to these proceedings.[2] Court related expenses are allowed in the amount of $203.70.

Plaintiff's motion for award of EAJA attorney's fees (Clerk's No. 20) is granted. The Court awards attorney's fees in the amount of $2,681.22 to the Plaintiff, reimbursement for paralegal fees in the amount of $900, and reimbursement for reasonable and necessary expenses incurred in the amount of $203.70, pursuant to 28 U.S.C. § 2412. Per Plaintiff's request, such amounts are to be made **payable to Grefe & Sidney, P.L.C.**

**IT IS SO ORDERED.**

---

**2.** Plaintiff's counsel has itemized the filing fee, copies, postage, and long distance telephone charges.