BECKY R. THORSON, United States Magistrate Judge
On August 3, 2016, Plaintiff Cheryl A. Evans sought judicial review of the denial of her applications for social security disability benefits. (Doc. No. 1.) On August 31, 2017, the Court granted Plaintiff's Motion for Summary Judgment, denied Defendant's Motion for Summary Judgment, and ordered this case remanded for calculation and an award of benefits pursuant to 42 U.S.C. § 405(g) (sentence four). (Doc. No. 19, 8/31/17 Memorandum Opinion and Order.) Now before the Court is Plaintiff's motion for attorney fees under the Equal Access to Justice Act. (Doc. No. 21, Appl. for Award of Att'ys Fees ("Pl.'s Appl.").) Plaintiff requests compensation, as reduced in her Reply Brief, for 95 hours at an hourly (average) rate of $195.00. (Doc. No. 25, Pl.'s Reply Br. in Resp. to Def.'s Obj. to Pl.'s EAJA Pet. ("Pl. Reply") 12.) For the reasons set forth below, Plaintiff's motion is granted.
I. Analysis
A. Equal Access to Justice Act Requirements
Under the EAJA, a prevailing party in an action for judicial review of agency action is entitled to an award of fees and expenses, unless the court finds that the position of the United States was substantially justified. 28 U.S.C. § 2412(d)(1)(A). Fees awarded pursuant to the EAJA must be reasonable. Dini v. Astrue , No. 08-5852 (DSD/JJG), 2010 WL 153681, at *3 (D. Minn. Jan. 11, 2010) ("[F]ees and other expenses includes ...reasonable attorney fees ...based on prevailing market rates for the kind and quality of the services furnished ...") (quoting 28 U.S.C. § 2412(d)(2)(A) ) (internal quotations omitted).
To receive a fee award under the EAJA, the applicant must "submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection." 28 U.S.C. § 2412(d)(1)(B). A party who obtains a sentence-four remand, such as Plaintiff, qualifies as a "prevailing party" under the EAJA. See McGrath v. Astrue , Civil No. 10-4192 (ADM/SER), 2012 WL 4898276, at *2 (D. Minn. Oct. 1, 2012) (citing Shalala v. Schaefer , 509 U.S. 292, 300-01, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993) ). An applicant is "eligible to receive" an EAJA award if his or her net worth did not exceed $2,000,000 at the time the civil action was filed. See S.E.C. v. Zahareas , 374 F.3d 624, 630 (8th Cir. 2004). The application must also state "the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed" and "allege that the position of the *1212 United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B).
Plaintiff's petition satisfies the facial requirements set forth in § 2412(d)(1)(B). In response, Defendant does not object to Plaintiff's attorneys receiving EAJA fees, but to the amount requested. (Doc. No. 24, Def.'s Opp'n to Pl.'s Counsel's Mot. for Att'y Fees ("Def.'s Opp.") 2-7.) Thus, Defendant concedes that its position in this litigation was not substantially justified. See, e.g., Theis v. Astrue , 828 F.Supp.2d 1006, 1008 (E.D. Ark. 2011) (noting that "the Commissioner concedes that the plaintiff is entitled to an award of attorney's fees pursuant to the Act," and then foregoing a discussion of the standard for substantial justification). Defendant also does not object to Plaintiff's proposed hourly rate ranging between $193.75 and $197.50. (See Def.'s Opp.) The Court agrees that this amount was reasonably calculated based on the Bureau of Labor Statistics Consumer Price Index ("CPI"). (See Pl.'s Appl., Ex.C); Hickey v. Secretary of HHS , 923 F.2d 585, 586 (8th Cir. 1991) (stating that the CPI "constitutes 'proper proof' of the increased cost of living since the EAJA's enactment and justifies" an increased attorney's fees award) (quoting Johnson v. Sullivan , 919 F.2d 503, 505 (8th Cir. 1990) ).
B. Plaintiff's Counsel is Entitled to an EAJA Award
Plaintiff requests an award for 95 hours of work performed by her attorneys, Asha Sharma, Paul McGrath, and Caryn Ye. (See generally Pl.'s Reply; see also Doc. No. 21, Pl.'s Appl., Ex. A.) Defendant argues that the total time for reimbursement should be reduced to no more than thirty-five hours because "[the time allowed for certain tasks] were either excessive or included time spent that is not compensable under the EAJA." (Def.'s Opp. 3.) Defendant claims that "nothing about the facts and issues in this matter support a deviation from the average EAJA award, which is 20-40 hours" (id. at 3); the 1.5 hours of work performed prior to the filing of the Complaint is non-compensable under the EAJA (id. at 4); the 1.6 hours to edit, draft, and file the two-page Complaint, 71.9 hours to review the transcript, consult with each other, perform legal research, and draft, edit, and revise Plaintiff's brief, and 13.5 hours to prepare and file her reply brief were unreasonable amounts of time to complete those tasks (especially when the transcript consisted of 364 pages total) (id. at 5); and the issues addressed in Plaintiff's brief were not novel or complex, and many were the same arguments submitted previously in a brief to the Social Security Administration (id. at 5-6). Plaintiff disputes that these hours expended were unreasonable, especially in light of her counsel's level of experience and the complexity of this case. Even so, in Plaintiff's reply brief, she voluntarily reduced her request with respect to time spent on her reply brief and voluntarily reduced her request with respect to other time spent on the case, for a reduced request totaling 95 hours of work.
The Court has reviewed the itemized time records for the work performed in this case and finds that the hours billed, and the legal work performed, are not excessive or unreasonable. The Court agrees with Plaintiff that this case was a particularly complex social security appeal. And the number of pages long an administrative record has is not necessarily indicative of the complexity of the issues raised and presented. Further, awards for over 75 hours' worth of work are not unheard of. See Vaughn v. Heckler , 860 F.2d 295, 296 (8th Cir. 1988) (awarding 77 hours); see also Gaul v. Colvin , No. 13-163 (JNE/FLN), 2014 WL 4096972, at *2 (D. Minn. Aug. 19, 2014) (awarding 75.2 hours);
*1213 Vossen v. Astrue , No. 07-1567, Doc. No. 58 at *2 (D. Minn. Mar. 15, 2011) (awarding 88.75 hours), adopted by 2011 WL 1322099 (D. Minn. Apr. 7, 2011) ; Aston v. Sec'y of Health and Human Servs. , 808 F.2d 9, 11-12 (2d Cir. 1986) (awarding 200 hours). Contrary to the Commissioner's assertions, the record does not suggest that Plaintiff's counsel spent an unreasonable amount of time managing the case or writing and revising the briefs. "A lawyer should be commended, not criticized, because she seeks to improve her work product by making revisions to her initial draft. This is an essential element of a lawyer's craft." Kromer v. Astrue , No. 08-5181 (PAM/AJB), 2009 WL 3152039, at *3 n.6 (D. Minn. Sept. 24, 2009) (quotations omitted).
Defendant also argues that Plaintiff's counsel should not be reimbursed for any time billed prior to the filing of the Complaint. The Court does not agree with this argument. The amount of time spent reviewing the administrative record and consulting with her client and others (1.5 hours) for the purpose of filing the district court appeal was not excessive. Counsel was entirely justified in spending a small amount of time analyzing the administrative record before filing the complaint and initiating this action. See Jones v. Colvin , Civil No. 2:14-cv-2088-PKH-MEF, 2015 WL 5330885, at *3 (W.D. Ark. Aug. 17, 2015) (rejecting argument that time spent reviewing the administrative record and meeting with her client before filing the complaint should be excluded because "[a]n attorney is expected to be familiar with her case prior to filing a complaint in federal court").
III. Order
Based on the foregoing, and all the files, records, and submissions herein, IT IS HEREBY ORDERED that:
1. Plaintiff's motion for attorney fees under the Equal Access to Justice Act. (Doc. No. 21) is GRANTED ; and
2. Plaintiff's counsel is entitled to an EAJA award of 95 hours at an average rate of $195.00 per hour, for a total award of $18,525.00.