The **PROCTER & GAMBLE COMPANY**, Appellant,

v.

**MASTER KLEENS OF AMERICA, INC.**, Assignee of Otho Gordon Taylor, Appellee.

Patent Appeal No. 9031.

United States Court of Customs and Patent Appeals.

Nov. 21, 1973.

---

John W. Melville, Melville, Strasser, Foster & Hoffman, Cincinnati, Ohio, attorney of record, for appellant.

George M. Thomas, Jones & Thomas, Atlanta, Ga., attorney of record, for appellee.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

MILLER, Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board [1] dismissing oppositions by appellant to two applications [2] by Taylor. We affirm.

Master Kleens of America, Inc., as Taylor's assignee, seeks to register the following marks for dry cleaning services:

 and

The word "Kleen" is lined for the color green and has been disclaimed. Appellant is the registrant of "Mr. CLEAN" [3] for sudsing cleaner, cleanser, and detergent. The basis for its oppositions was (and still is, for purposes of this appeal) that appellee's marks, when applied to dry cleaning services, so nearly resemble appellant's mark, used on an all-purpose cleaning product, as to be likely to cause confusion. (15 U.S.C. § 1052(d)).

Appellant argues for a broad scope of protection for its mark under the decision and opinion of this court in Procter and Gamble Company v. Conway, D. B. A. Certified Chemical and Equipment Company, 419 F.2d 1332, 57 CCPA 865 (1970). In that case, the applicant sought to register "MISTER STAIN" for a stain-removing compound. We found that Procter and Gamble had established prior rights in the marks Mr. CLEAN, MR. CLEAR, MR. SHEEN, LADY CLEAN, MRS. CLEAN, and MASTER–KLEAN for cleaning preparations. All of them had been registered with the exception of MASTER–KLEAN, which was found to be a common law trademark. We also found that the cleaning compounds of both parties were sold through the same retail outlets to the same class of purchasers in the ordinary course of trade. Concerning the scope of protection to be afforded

1. The board's opinion is reported in full at 171 USPQ 382 (1971).

2. Serial Nos. 297,452 and 297,454, both filed May 6, 1968.

3. Registration No. 658,915 issued February 25, 1958.

the family of marks introduced by Procter and Gamble, this court stated:

> [I]t was the view of the board, *arguendo,* in which we share, that by virtue of its ownership and use of the marks of record, appellant has a right to preclude subsequent registration of a mark embracing the courtesy title "Mr." or "Mister" associated with a word conveying a *cleaning* connotation. [Partial emphasis supplied.]

However, the court disagreed with the board's determination that there would be no likelihood of confusion notwithstanding the above arguendo consideration. In holding for Procter and Gamble on this issue, we said:

> But we think the cardinal consideration here is the impact of the marks *as used* on the basis of conditions and circumstances surrounding the purchase of the goods of the parties in the market place.

We believe appellant's reliance on our decision and opinion in the above case is misplaced. First, the marks of both parties in that case involved cleaning compounds. In contrast, appellee here is seeking registration of its mark for dry cleaning *services.* Second, the cleaning compounds of both parties in the prior case were sold through the same retail outlets. Not so, here. Third, in the cited case Procter and Gamble pleaded and entered in evidence a whole family of trademarks, which allegedly showed a likelihood of confusion. No such family of trademarks has been entered or argued in this case; nor is there any evidence before us to indicate the continued use of such marks. Fourth, the above-quoted view of the board and the court concerning "Mr." or "Mister" in association with a word conveying a *cleaning* connotation was only assumed for the sake of argument, and this, further, in a case involving only products.

The appellant further argues that the word MASTER does not indicate proficiency, skill or superlativeness in cleaning unless it is coupled with a noun, and that for appellee's mark to indicate superlativeness it should be MASTER KLEENER; that the obvious sense in which MASTER is used in appellee's mark is that of a *courtesy title* with the adjective KLEEN to create personification of the qualities of the *adjective* "clean"; and, finally (during oral argument) that appellee should be estopped from arguing that MASTER in its mark connotes superlativeness in view of its arguments before the trademark examiner.

In considering these arguments, we note that appellee contended before the examiner that the MASTER in its mark connotes both superiority and a courtesy title. Therefore, it is not estopped from advancing the argument of superlativeness now.

Until oral argument, appellant apparently overlooked the fact that "clean," or its phonetic equivalent, "kleen," is also a verb. When so regarded, the word "master" in a composite mark would indicate superlativeness—that appellee would clean clothes in a masterful way. The board was of the opinion, which we share, that "MASTER KLEEN," when used to identify dry cleaning *services,* "would indicate to the average person proficiency, skill or superlativeness in cleaning rather than a courtesy title associated with a word conveying a cleaning connotation."

Considering all the facts before us, together with the arguments of both parties, we conclude that the average consumer viewing appellee's marks in conjunction with dry cleaning services would not be likely to think there was some connection with appellant's Mr. CLEAN product.

Accordingly, we hold that there is no likelihood of confusion between the marks of the parties.

The decision of the board is affirmed.

Affirmed.