972 F.2d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roy L. EHELER, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 91-35739.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 23, 1992.*
Decided July 23, 1992.
 
 Before SCHROEDER, FLETCHER and FARRIS, Circuit Judges.
 ORDER
 This case is submitted on the briefs as of the date of this order.
 MEMORANDUM**
 Roy L. Eheler appeals the district court's refusal to include a cost of living adjustment in its award of attorney's fees under the Equal Access to Justice Act (EAJA). We reverse and remand.
 
 FACTS
 
 1
 Eheler filed an application for disability insurance benefits and supplemental security income. After a hearing, an administrative law judge (ALJ) found he was not disabled, in a decision dated May 19, 1988. The Appeals Council denied review, on October 24, 1988. Eheler sought review in the district court. On May 22, 1989, the court issued an order remanding the case to the Secretary for reconsideration. After a supplemental hearing, in an October 17, 1989 decision, a different ALJ found that Eheler had been disabled since May 23, 1985.
 
 
 2
 Eheler then petitioned the court for an award of attorney's fees and expenses under the EAJA. On January 4, 1990, the district court denied the fees request, and Eheler appealed to this court. On March 25, 1991, we reversed and remanded for determination of an appropriate fee.
 
 
 3
 On remand, counsel for Eheler sought an attorney's fee based on 73.7 hours of attorney time at the hourly rate of $110.00. The EAJA, which was enacted in 1981, set the maximum rate of $75.00 per hour "unless the court determines that an increase in the cost of living or a special factor ... justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Counsel's requested hourly rate reflected a cost of living increase, based on the Consumer Price Index (CPI), of 44 percent above the statutory rate (resulting in a rate of $108) and a further increase to reflect the special factor of knowledge and expertise in the disability claims area. However, in its June 25, 1991 order, the district court found $75.00 per hour to be "a reasonable hourly rate under the facts of this particular action", and awarded a fee of $5,527.50 (73.7 hours at $75.00 per hour). This appeal followed.
 
 DISCUSSION
 
 4
 We review the district court's attorney's fee award for abuse of discretion. United States v. $12,248 United States Currency, 957 F.2d 1513, 1517 (9th Cir.1991).
 
 
 5
 Eheler argues that the district court erred in failing to adjust the statutory rate for the increase in the cost of living since the enactment of the EAJA.
 
 
 6
 Although the court may adjust the fee upward the statute does not make a cost of living increase mandatory. However, our court has held that such increases should be routinely granted on proper showing by counsel. In Ramon-Sepulveda v. INS, 863 F.2d 1458, 1463 (9th Cir.1988), we interpreted the Supreme Court's decision in Pierce v. Underwood, 487 F.2d 552 (1988), as "implicitly recogniz[ing] that inflationary adjustment is not to be computed as a "special factor" under the statute." Thus, we "read the [statute's] provision for 'an increase in the cost of living' as an indication that Congress intended the cap to be capable of fluctuating with the real market value of $75." 863 F.2d at 1463; see also Johnson v. Sullivan, 919 F.2d 503, 505 (8th Cir.1990) ("[W]here ... an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75 per hour, enhanced fees should be awarded."); Baker v. Bowen, 839 F.2d 1075, 1082 (5th Cir.1988) ("Except in unusual circumstances ... if there is a significant difference in the cost of living since 1981 in a particular locale that would justify an increase in the fee, then an increase should be granted."). Using the Fifth Circuit's language in Baker, in Animal Lovers Volunteer Association, Inc. v. Carlucci, 867 F.2d 1224 (9th Cir.1989), we placed the burden on the government to show that " 'unusual circumstances' would make an inflation adjustment inappropriate." 867 F.2d at 1227. "To withhold an inflation adjustment without reason would undermine the purpose of EAJA to remove the financial disincentive to challenge wrongful government action." Id.; see also Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir.1991) (counsel for benefits claimant is "entitled" to fees adjusted for inflation).
 
 
 7
 The Secretary argues that the district court implicitly considered, and rejected the requested adjustment for inflation. However, the district court's order evidences no such consideration; it merely states:
 
 
 8
 Based upon review of the record herein, and the lack of any novel issues, together with other pertinent factors, the court finds that the sum of $5,527.50 [73.7 hours X $75 per hour] is a reasonable fee for services performed before this court and the Ninth Circuit Court of Appeals. The court bases this sum on the conclusions (1) that counsel for the plaintiff should be compensated for 73.7 hours spent in prosecuting plaintiff's claim, and (2) that $75 per hour is a reasonable hourly rate under the facts of this particular action.
 
 
 9
 The Secretary also argues that Eheler "did not show that market rate attorney's fees in Montana increased at the percentage he alleged". In addition, while he acknowledges that Eheler's CPI evidence was "unchallenged" below, the Secretary suggests that a rate of increase lower than the CPI might be appropriate in this case. In Ramon-Sepulveda, we approved the use of the CPI to calculate the cost of living increase. 863 F.2d at 1463-64; see also Russell, 930 F.2d at 1446 (court of appeals determines adjusted fee using CPI); Animal Lovers, 867 F.2d at 1226 (same). On remand, the Secretary bears the burden to show that, in this case, any cost of living increase, or an increase of the size requested by Eheler's counsel, would be inappropriate. See Animal Lovers, 867 F.2d at 1227 (Secretary has burden of showing inflation increase would be inappropriate); see also Johnson, 919 F.2d at 504 (awarding cost of living increase based on CPI; Secretary made no showing that requested fee was "unreasonable, unjustified or otherwise improper").
 
 
 10
 REVERSED AND REMANDED.
 
 FARRIS, Circuit Judge, dissenting:
 
 11
 I dissent. The district court did not abuse its discretion in denying attorney's fees and expenses. See Eheler v. Sullivan, No. 90-35121 (9th Cir.1990) (unpublished disposition) (Farris, J., dissenting). I therefore would not reach the issue addressed by the majority.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3