**George RUTLEDGE, Plaintiff,**

v.

**Louis R. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 486–215.**

United States District Court, S.D. Georgia, Savannah Division.

Sept. 10, 1990.

Thomas R. Herndon, Savannah, Ga., for plaintiff.

Assistant U.S. Atty. Henry L. Whisenhunt, Jr., U.S. Attorney's Office, Augusta, Ga., for defendant.

### ORDER

ALAIMO, District Judge.

Plaintiff filed an application for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiff seeks fees for 76.7 hours of legal representation, at a rate of $90 per hour, for a total

of $6,903 in fees plus $290.37 in costs. The only issue disputed by defendant, the Secretary of Health and Human Services, is the hourly rate. Defendant contends that the statutory rate of $75 should be applied. For the reasons discussed below, the Court will apply an hourly rate of $90.

## FACTS

On December 26, 1984, plaintiff filed an application for disability benefits and supplemental security income benefits. Defendant denied these applications on all administrative levels. Plaintiff filed a complaint in this Court on May 26, 1986. That action culminated in an Order entered July 12, 1990, remanding the case to defendant for the issuance of a decision fully favorable to plaintiff.

On July 23, 1990, plaintiff filed an application for attorney fees and expenses pursuant to the EAJA. In support of his application, plaintiff offered a fully itemized statement of services rendered and expenses incurred by his Savannah, Georgia, attorney. Such services began with the initial client conference on April 28, 1986, and ended with the August 13, 1990, amendment of the fees application and memorandum of support.[1] To bolster his contention that $90 per hour is the proper rate for attorney fees in this case, plaintiff attached two orders issued by this Court. Each found that, based on the Consumer Price Index ("CPI"), $90 per hour is a reasonable rate for an attorney in Savannah, Georgia, to be compensated under the EAJA.

On August 7, 1990, defendant filed an opposition to plaintiff's application for fees. Defendant concedes that plaintiff is entitled to fees and agrees that the hours as itemized by plaintiff are reasonable. The defendant, however, contends that, before this Court can award fees at a rate of $90 per hour, plaintiff must supply CPI figures justifying a deviation from the statutory rate of $75. Furthermore, defendant notes that the services rendered in this case span five years. According to the defendant, any enhancement in the EAJA attorney fees above $75 must be based on the increase in the cost of living in the year in which the particular legal services were provided.

On August 13, 1990, plaintiff responded by supplying Bureau of Labor national statistics showing a 39.01% increase in the CPI from October 1981 (the year the EAJA was enacted) to October 1990. Moreover, plaintiff also furnished specialized figures for cities in the Southeast which, like Savannah, have a population between 50,000 and 450,000. The increase in this specialized CPI has been 35.9% since October 1981. Finally, plaintiff furnished the affidavits of three Savannah attorneys who represent Social Security disability claimants; each attorney charges $100 per hour for services rendered.

## DISCUSSION

There are three predicate findings to an award of EAJA attorney's fees and expenses: (1) the plaintiff must be a prevailing party; (2) the Government's position must not have been substantially justified; and (3) there must be no circumstances that make an award against the Government unjust. *Jean v. Nelson*, 863 F.2d 759, 765 (11th Cir.1988), *aff'd* — U.S. —, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). Defendant concedes, as he must, that each condition is met. Furthermore, defendant agrees that the hours claimed by plaintiff are reasonable. Indeed the only issue raised by defendant is the propriety of the $90 fee rate requested by the plaintiff.

---

**1.** Plaintiff's original fee application listed 75.2 hours of services. Two of those hours were spent completing the fees application and drafting its accompanying memorandum of support. On August 13, 1990, plaintiff amended his application to reflect the 1.5 hours he spent preparing the CPI figures and affidavits to supplement his fee application. Defendant conceded that the 2.0 hours spent in drafting the original application was reasonable; this Court agrees.

Defendant has not contested the addition of the 1.5 hours spent amending his application. The court finds that 3.5 hours is a reasonable amount of time to draft, revise and amend a fees application and accompanying memorandum of support. The preparation of a fees application, as well as the ensuing efforts to support it, are compensable services under the EAJA. *Commissioner v. Jean,* — U.S. —, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).

The EAJA provides that "the amount of fees awarded ... shall be based upon prevailing market rates for the kind and quality of services furnished...." 28 U.S.C. § 2412(d)(2)(A). The affidavits of three Savannah attorneys, each of whom provides services similar to plaintiff's attorney, show a prevailing market rate of $100—a rate which is $10 more per hour than the $90 rate requested here. Defendant has offered no proof of a different market rate. Accordingly, the Court finds that plaintiff has met his burden of producing satisfactory evidence that his requested rate is in line with the prevailing market rates. *See, e.g., Norman v. Housing Authority*, 836 F.2d 1292, 1299 (11th Cir.1988); *N.A.A.C.P. v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir.1987).

The fee inquiry does not end with the prevailing market rate, for the EAJA provides further that "attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* at (ii). Based on the CPI figures submitted by plaintiff, the increase in the cost of living does justify his requested fee of $90 per hour.

Nationwide figures reflect a cost of living increase of 39.01% since passage of the EAJA. Applying this increase to the $75 statutory cap yields an adjusted rate of $104.25 per hour—over $14 more than the rate requested by plaintiff. A similar result attains when one examines more specialized CPI figures. In Southern towns which, like Savannah, have a population between 50,000 and 450,000, the cost of living has increased by 35.9%. This increase yields an adjusted hourly rate of $101.92—again, more than the rate requested by plaintiff.

This Circuit has not yet required plaintiffs to base fee increases on the rise in the cost of living in the year in which the particular legal services were rendered. *See Norman*, 836 F.2d at 1302 ("[T]he court should take into account the time value of money and the effects of inflation and award compensation at current rates rather than at historic rates."). Plaintiff, nevertheless, has furnished such information. Regardless of whether the nationwide or the regional figures are used, the year-by-year cost-of-living increase still yields a higher fee total than that requested by plaintiff. *See* Appendix A attached to this Order.

In light of the exhaustive CPI figures supplied by plaintiff, as well as the three affidavits from similarly situated attorneys, this Court finds that a rate of $90 per hour is in line with current market rates and represents a reasonable hourly fee for an attorney in Savannah, Georgia. *See also Baber v. Sullivan*, CV487–304 (S.D.Ga. February 5, 1990); *Williams v. Sullivan*, CV488–073 (S.D.Ga. December 11, 1989) (under EAJA, $90 is a reasonable rate for an attorney in Savannah, Georgia).

CONCLUSION

Based on this Court's decision to allow plaintiff to charge $90 per hour for 76.7 hours of legal services, plaintiff is hereby AWARDED a fee of $6,903.00, plus $290.37 as reimbursement for expenses.

SO ORDERED.

APPENDIX A

The $6,903 requested by plaintiff is actually less than the total fees plaintiff would have requested had he used the year-by-year adjustment based on the cost of living as urged by defendant.

| YEAR | HOURS | (NATIONWIDE) COST OF LIVING PERCENTAGE INCREASE* | ADJUSTED HOURLY RATE | ATTORNEY FEES |
|---|---|---|---|---|
| 1986 | 4.45 | 17.33% | $ 88.00 | $ 391.60 |
| 1987 | 27.7 | 21.61% | 91.21 | 2,526.52 |
| 1988 | 4.05 | 26.58% | 94.94 | 384.51 |
| 1989 | 24.6 | 32.65% | 99.49 | 2,447.45 |
| 1990 | 15.9 | 39.01% | 104.25 | 1,657.57 |
| **TOTAL** | **76.7** | | | **$7,407.65** |

| YEAR | HOURS | (REGIONAL) COST OF LIVING PERCENTAGE INCREASE* | ADJUSTED HOURLY RATE | ATTORNEY FEES |
|---|---|---|---|---|
| 1986 | 4.45 | 17.78% | $ 88.33 | $ 393.06 |
| 1987 | 27.7 | 22.34% | 91.75 | 2,541.67 |
| 1988 | 4.05 | 27.00% | 95.25 | 385.78 |
| 1989 | 24.6 | 30.69% | 98.02 | 2,411.30 |
| 1990 | 15.9 | 35.90% | 101.92 | 1,620.61 |
| **TOTAL** | **76.7** | | | **$7,352.42** |

* The cost of living increases are figured by comparing the CPI in October 1981 with the CPI in October of the given year. The regional cost of living increases for 1989 and 1990 are based on July of those years, for the October figures were not available.