**Oscar STOCKTON, Appellant,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Appellee.**

**No. 94–1493.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 16, 1994.

Decided Sept. 28, 1994.

Davis Duty, Fort Smith, AR, for appellant.

Pamela M. Wood, HHS, Dallas, TX, for appellee.

Before HANSEN, Circuit Judge, HEANEY, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

---

**50**

HEANEY, Senior Circuit Judge.

Oscar Stockton was awarded social security benefits after administrative and district court proceedings. Stockton thereafter moved for approval of attorney fees in the amount of $11,302.50 pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The magistrate recommended a reduced award of $5,218.50, and the district court adopted the magistrate's recommendation and entered an order awarding Stockton fees in that amount. Stockton appeals the fee award, asserting that the district court abused its discretion in computing both the compensable hours and the rate for attorney and paralegal work.

Stockton requested total fees of $11,302.50, representing attorney fees of $8,712.50 (69.7 hours at $125 per hour) and paralegal fees of $2,590 (51.8 hours at $50 per hour). The district court awarded attorney fees in the amount of $4,605 (46.05 hours at $100 per hour) and paralegal fees of $613.50 (20.45 hours at $30 per hour), for a total award of $5,218.50.

The statutory rate for attorney fees for a prevailing social security claimant is "$75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Stockton's request for a rate of $125 per hour for his attorney's services reflected his calculation that the cost of living had increased the original statutory rate to $116.99 per hour, plus an enhancement of $8.01 per hour for the attorney's expertise in social security law. The district court fixed a rate of $100 per hour on the ground that this was the rate customarily awarded in the district. On appeal the Secretary of Health and Human Services has stipulated that a rate of $116.99 per hour accurately reflects the increased cost of living, according to the Consumer Price Index, since the statutory rate was enacted, but argues that the district court did not abuse its discretion in denying Stockton's requested $8.01 per hour enhancement based on the "special factor" of "limited availability of qualified attorneys."

We agree that no enhancement for the attorney's expertise is justified. This was a straightforward social security disability case that did not involve particularly difficult or complex issues. See Pierce v. Underwood, 487 U.S. 552, 572, 108 S.Ct. 2541, 2554, 101 L.Ed.2d 490 (1988) ("limited availability" exception "refers to attorneys having some distinctive knowledge or specialized skill needful for the litigation in question"). The fact that Stockton's attorney is experienced in social security cases does not in itself warrant a fee in excess of the statutory rate. We therefore hold that a rate of $116.99 per hour is justified for the attorney's services in this case. We also conclude that the district court did not abuse its discretion in fixing the paralegal's rate of compensation at $30 per hour rather than the $50 per hour requested by Stockton.

Stockton also argues that the district court improperly reduced the number of compensable hours for the attorney's and paralegal's services. The court approved 46.05 of the total 69.7 hours of attorney services submitted by Stockton, and 20.45 of the requested 51.8 hours of paralegal services, explaining that it made reductions for excessive preparation time and for duplicative efforts by the attorney and paralegal. We agree with the court that 46.05 hours reasonably and adequately accounts for the attorney's court-related services but hold that Stockton is entitled to be compensated for the full 51.8 hours of paralegal services. We note that the attorney handling this case is blind and that there is some duplication of time between the attorney and paralegal, but we conclude that under the unique circumstances of this case the full amount of the requested paralegal services is justified.

Accordingly, we remand to the district court with instructions to modify the fee award to reflect 46.05 hours of attorney services at $116.99 per hour and 51.8 hours of paralegal services at $30 per hour, for a total of $6,941.39.