No. 95-3439
_____

Jack Wann, *
                                       *
          Appellant,                   *
                                       *
     v.                                *  Appeal from the United States
                                       *  District Court for the
Shirley S. Chater,                     *  Western District of Arkansas
Commissioner, Social Security          *
Administration,                        *  [UNPUBLISHED]
                                       *
          Appellee.                    *
                            _____

          Submitted:  March 6, 1996

             Filed:  April 9, 1996
                            _____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
                            _____

PER CURIAM.


     Jack Wann appeals from a final order of the District Court[1] for the
Western District of Arkansas, awarding attorneys fees under the Equal
Access to Justice Act (EAJA), 28 U.S.C. § 2412(b), at a rate less than
requested.  For the reasons discussed below, we affirm.


     After the district court remanded his social security case to the
Commissioner for further proceedings, Wann applied for attorneys fees under
EAJA.  Wann sought $4,685.96, based in part on approximately 30.5 hours of
attorney time at a rate of $124.29 per

_____

     [1]The Honorable Jimm Larry Hendren, United States District
Judge for the Western District of Arkansas, adopting the report
and recommendations of the Honorable Beverly R. Stites, United
States Magistrate Judge for the Western District of Arkansas.

hour (accounting for cost-of-living increases). The Commissioner opposed the fee request, arguing Wann was entitled to no more that $116.99 per hour, set as a reasonable rate by this court in <u>Stockton v. Shalala</u>, 36 F.3d 49, 50 (8th Cir. 1994).

The district court concluded the reasonable hourly rate including the appropriate cost-of-living increases in the district was $116.99 per hour, and the attorney's experience in social security cases did not warrant an additional fee enhancement. The district court awarded a total of $4,373.46.

On appeal, Wann argues the district court abused its discretion in arbitrarily reducing the cost-of-living adjustment for the hourly rate for EAJA compensation, without regard to the actual rate established through the Consumer Price Index (CPI). The Commissioner argues Wann did not present proper proof of the cost-of-living increases according to the established formula for using the CPI.

We review a district court's award of EAJA fees for abuse of discretion. <u>Pierce v. Underwood</u>, 487 U.S. 552 (1988). We agree with the Commissioner that Wann did not present proper proof of the correct cost-of-living increases to justify his requested hourly rate. Moreover, we have carefully reviewed the record and conclude the district court did not abuse its discretion in determining the appropriate hourly rate in this case.

Accordingly, we affirm the judgment of the district court.

A true copy.

     Attest:

         CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.