Howard E. LOWE, Jr., Plaintiff,

v.

Kenneth S. APFEL, Commissioner
of Social Security, Defendant.

No. C 98–3035–MWB.

United States District Court,
N.D. Iowa,
Central Division.

Oct. 5, 1999.

Gregory W.Peterson, Elverson, Vasey &
Peterson, L.L.P., DesMoines, IA, for
Plaintiff.

Lawrence D. Kudej, Asst. U.S. Atty.,
Cedar Rapids, IA, for Commissioner of
Social Security.

## MEMORANDUM OPINION AND OR-
DER REGARDING PLAINTIFF'S
APPLICATION FOR ATTORNEY
FEES

BENNETT, District Judge.

This matter comes before the court pur-
suant to plaintiff's attorney's September

22, 1999, Application For Attorney Fees pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act. This fee application follows reversal of the ALJ's denial of Title II disability benefits and remand of this case to the Commissioner for the purpose of calculating and awarding benefits. Plaintiff's attorney has submitted a fee claim for 23.2 hours at $125 per hour, or a total fee of $2,900. On October 1, 1999, the defendant filed a response to the fee application, indicating that he did not contest the award of attorney fees under the EAJA in this case, but asserting that the application was premature.

 Reasonable attorneys fees may be awarded pursuant to the Equal Access To Justice Act (EAJA), 28 U.S.C. § 2412, to plaintiffs who prevail in Social Security cases. *See Stockton v. Shalala,* 36 F.3d 49, 50 (8th Cir.1994). The statute provides, in pertinent part, as follows:

> (b) Unless expressly prohibited by statute, a court may award *reasonable fees and expenses* of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

28 U.S.C. § 2412(b) (emphasis added). Furthermore, the reasonable hourly rate for such attorneys fees and certain exceptions to that rate are also established by statute:

> [A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii); *see also Stockton,* 36 F.3d at 50 (quoting the statute, which then provided for a maximum hourly rate of $75). The parties agree, and the court finds, that the hours claimed are reasonable and that the plaintiff's attorney has claimed an award at the statutory hourly rate of $125. The court also finds that a total fee of $2,900 "reasonably and adequately accounts for the attorney's court-related services." *Stockton,* 36 F.3d at 50.

Although the defendant does not contest the award of fees in the amount of $2,900 in this case, the defendant nonetheless contends that the fee application is premature. The defendant points out that, pursuant to 28 U.S.C. § 2412(d)(1)(B), a prevailing plaintiff may submit a fee claim "within thirty days of final judgment in the action," but that "final judgment" is further defined in 28 U.S.C. § 2412(d)(2)(G) to mean "a judgment that is final and *not appealable.*" 28 U.S.C. § 2412(d)(2)(G) (emphasis added). Pursuant to 28 U.S.C. § 2107, the United States has sixty days from the entry of judgment by this court within which to appeal the decision, which in this case would be until November 22, 1999. Although the defendant asserts that he "does not intend to appeal this matter further and, therefore, agrees not to contest payment of attorney fees in the above amount," the defendant requests that the court not enter an order awarding EAJA fees in the amount of $2,900 until after November 22, 1999. *See* Defendant's Response To Plaintiff's Application For Attorney Fees, 1–2.

 The defendant is correct that an award of attorney fees against the United States under the EAJA is not proper until the underlying judgment is final and *not* appealable, that is, until sixty days after entry of the judgment. *See* 28 U.S.C. § 2412(d)(2)(G); 28 U.S.C. § 2107; *Melkonyan v. Sullivan,* 501 U.S. 89, 96, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991) ("The 30–day EAJA clock begins to run after the time to appeal that 'final judgment' [of a district

court] has expired."); *Jackson v. Chater,* 99 F.3d 1086, 1095 n. 4 (11th Cir.1996) ("According to the EAJA, the application must be filed within thirty days of the time the judgment is final and no longer appealable. 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G). A judgment against a federal officer is appealable by that officer for sixty days after entry of the judgment. *See* FED. R. APP. P. 4(a)(1). Thus, an EAJA applicant seeking fees incurred after the wrongful denial of disability benefits has ninety days (sixty plus thirty) to file his application, if the Commissioner does not appeal the district court's judgment."). However, courts have also held that when the Social Security Administration has indicated that it has no intention of appealing the district court's decision, "the sixty-day appeal interval is rendered unnecessary and moot," and the court may properly consider the prevailing plaintiff's EAJA fee application. *See Hartter v. Apfel,* 36 F.Supp.2d 1303, 1306 (D.Kan.1999); *Ground v. Sullivan,* 785 F.Supp. 1407, 1411 (S.D.Cal.1992) ("The government in this case has stated that it would not appeal a final judgment that upholds the decision of the Appeals Council. Therefore, the 60–day appeals interval before Plaintiff's Counsel petitions for fees is rendered unnecessary and moot. Thus, plaintiff's request for fees, made the day the court entered final judgment, is not premature."). Here, the defendant has expressly stated that he "does not intend to appeal this matter further." Defendant's Response To Plaintiff's Application For Attorney Fees at 1–2. Thus, the sixty-day interval before the court may consider the fee application is rendered unnecessary and moot, and the court may properly award fees without delaying entry of the fee award until November 22, 1999. *See id.; Ground,* 785 F.Supp. at 1411.

**THEREFORE,** plaintiff's attorney's September 22, 1999, Application For EAJA Fees is granted, and the court awards attorney fees of $2,900 to the plaintiff pursuant to 28 U.S.C. § 2412.

**IT IS SO ORDERED.**