Susan M. KNUDSEN, Plaintiff,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.

No. C02–4108 MWB.

United States District Court, N.D. Iowa, Western Division.

Dec. 23, 2004.

Ruth M. Carter, Carter Law Firm PC, Sioux City, IA, for Plaintiff.

Martha A. Fagg, US Attorney's Office, Sioux City, IA, for Defendant.

## ORDER REGARDING PLAINTIFF'S APPLICATION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

BENNETT, Chief Judge.

**TABLE OF CONTENTS**

I. *INTRODUCTION* ................................................. 965

II. *LEGAL ANALYSIS* .............................................. 966
 A. *Standards of Review* ...................................... 966
 B. *Proper Proof of the Increased Cost–of–Living* ........................ 967
 C. *Cost of Living Adjustment* ................................ 968
 1. *Computation method of hourly rate* ............................ 969
 2. *Lost earnings or interest* ........................................ 975

 D. *Hours* ................................................. 976
 1. *Attorney research* ................................. 976
 2. *Administrative and clerical tasks* ................... 977
 E. *Calculation Of Award* .............................. 977

**III. *CONCLUSION*** ............................................. 978

## *I. INTRODUCTION*

Before the court is an application by plaintiff's attorney for an award of fees pursuant to the Equal Access to Justice Act ("EAJA"), (Doc. No. 30), and the Commissioner's objections regarding plaintiff's attorney's request. (Doc. No. 36). Plaintiff's attorney has filed for an award of fees under the EAJA for 32 hours of attorney time at $149.78 per hour ($4,792.96) and 1.75 hours of paralegal time at $70.00 per hour ($122.50). The Commissioner objects to the number of attorney hours, the hourly rate used by plaintiff's attorney to calculate her fees, and the number of hours submitted for paralegal time. Plaintiff's attorney asserts the fee request is reasonable and requests oral argument.[1] Plaintiff's attorney's motion for attorney fees was accompanied by an itemization of the 32 hours of attorney and 1.75 hours of paralegal time. Plaintiff's attorney's motion did not include a copy of the Consumer Price Index (CPI),[2] commonly attached

to such motions to justify an increase in the statutory rate.

The Commissioner filed objections to plaintiff's attorney's motion for an award of fees under the EAJA because, "[p]laintiff's attorney has submitted no documentation to support an award of an hourly rate greater than that established by statute." (Doc. No. 36 at 1). Plaintiff's attorney did reference the CPI in her brief but she did not submit a copy of the CPI, marked Exhibit B, with her motion. The copy of the CPI was later submitted as part of plaintiff's attorney's response brief. (Doc. No. 37). The Commissioner also objects to plaintiff's attorney using only one CPI rate to adjust plaintiff's attorney's hourly rate and the Commissioner asserts that one CPI should not be applied uniformly to all years in which services were performed. In addition, the Commissioner contends that there was nothing difficult or complex about this case and that the 9.75 hours for legal research included in the itemization does not indicate what is-

---

**1.** Plaintiff's attorney states in her brief that she would like oral argument to address issues raised in a conversation with Regional Counsel for the 7th Region that are not part of the record in this case. The following issues appear to have been raised during this conversation between plaintiff's attorney and Regional Counsel:

 1) Regional Counsel for the 7th Region stating to plaintiff's attorney that plaintiff's attorney was "statutorily" and absolutely precluded from claiming fees at an hourly rate exceeding $125.00 per hour except in unusual cases with good cause and evidence supporting an "enhanced fee."

 2) Regional Counsel stating no other attorneys in this district or region requested more than $125 per hour.

 3) Regional Counsel stating plaintiff's attorney should check with other claimant's attorneys to verify the $125 rate and to be advised by them how EAJA applications were supposed to be done.

The issues, which were discussed in a conversation between the attorneys, are not the primary issues before this court. The court, however, will address these issues in the court's opinion.

**2.** The CPI is published on a monthly basis, with a multiplier for each month, as well as an annualized multiplier for each year. The CPI is used to adjust rates and account for changes in the cost-of-living.

sues required such lengthy hours of research. The Commissioner argues that 9.75 hours for research for a case that was not difficult or complex is unreasonable. The Commissioner points out that, despite 9.75 hours of research, the plaintiff's attorney submitted only a thirteen page brief that cited to two cases decided after 2002, the other cases cited were cases widely known in the social security area. The Commissioner asserts that under these circumstances an award of 9.75 hours for legal research would be unreasonable. The Commissioner also argues that the hours billed for paralegal tasks are clearly administrative or clerical in nature and not reimbursable under the EAJA.

After review of the record and case law, this court finds that the issues presented do not warrant a hearing and that this matter is now fully submitted for consideration.

## II. LEGAL ANALYSIS

### A. Standards of Review

Reasonable attorneys fees may be awarded pursuant to the EAJA, 28 U.S.C. § 2412, to plaintiffs who prevail in Social Security cases. *See Stockton v. Shalala*, 36 F.3d 49, 50 (8th Cir.1994). The statute provides, in pertinent part, as follows:

(b) Unless expressly prohibited by statute, a court may award *reasonable fees and expenses* of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

28 U.S.C. § 2412(b) (emphasis added). Furthermore, the reasonable hourly rate for such attorneys fees and certain exceptions to that rate are also established by statute:

[A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii); *see also Stockton*, 36 F.3d at 50 (quoting the statute, which then provided for a maximum hourly rate of $75). While the amount of an EAJA fee award remains within a district court's discretion, a district court cannot refuse to grant a cost-of-living increase based on the EAJA's enactment and reenactment. The Eighth Circuit Court of Appeals has stated:

We believe that the Consumer Price Index constitutes "proper proof" of the increased cost of living since the EAJA's enactment and justifies an award of attorney's fees greater than [the statutory amount] in these cases. *See Kelly*, 862 F.2d at 1336 (citing *Allen v. Bowen*, 821 F.2d 963, 967 (3d Cir.1987) (expressly approving use of Consumer Price Index in determining EAJA cost-of-living adjustment)); *see also Ramon–Sepulveda v. INS*, 863 F.2d 1458, 1463–64 (9th Cir. 1988) (using Consumer Price Index to calculate increase in cost of living since 1981, awarding EAJA fees of $94 per hour).

*Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir.1990). Further, the Eighth Circuit Court of Appeals has clearly stated that in cases where the plaintiff's attorney has submitted a copy of the CPI as proof of an increase in the cost-of-living and the Commissioner has not challenged the submission as being unreasonable, unjustified

or otherwise improper, it is an abuse of discretion for a district court to conclude a cost-of-living adjustment is not warranted. *See Walker v. Barnhart,* 302 F.Supp.2d 1072, 1075 (S.D.Iowa 2003)(citing *Johnson,* 919 F.2d at 504). The court turns now to these issues.

### B. Proper Proof of the Increased Cost–of–Living

The Eighth Circuit Court of Appeals has stated that a district court abuses its discretion if it denies a cost-of-living increase and a copy of the CPI is submitted as proof of an increase in the cost-of-living by plaintiff's attorney and no objection is made by the Commissioner. *See Johnson v. Sullivan,* 919 F.2d 503 (8th Cir.1990). In this case, plaintiff's attorney did not immediately submit "proper proof." But, instead, stated in her request for fees, "[t]hat the hourly rate for attorney time is based upon the original rate of $125 per hour set by statute in 1996 as adjusted by the increase in the Consumer Price Index, All Urban Consumers, U.S. City Average, All Items (CPI–U), U.S. Department of Labor, Bureau of Labor Statistics, which now calculates to $149.78 per hour." (Doc. No. 30). Plaintiff's attorney referenced the CPI but failed to submit as proof of an increase a copy of the CPI. The Commissioner objects to an increase in attorney fees and contends that plaintiff's attorney has made a request for an increase without proof and therefore, the statutory fee should be awarded and any adjustment is unwarranted.

 This court must determine whether it would be an abuse of discretion for the court to deny a cost-of-living adjustment because a copy of the CPI was not timely submitted with plaintiff's attorney's request for fees but submitted later as part of plaintiff's attorney's response to the Commissioner's objections. Though it would have been better for plaintiff's attorney to have attached a copy of the CPI with her motion for attorney fees, she did submit the copy later as part of her response to the Commissioner's objection. The Commissioner's objection is one of form over substance, the court finds that plaintiff's attorney's oversight does not preclude a finding that a CPI increase would be appropriate.

Additionally, as to plaintiff's attorney's concern about the statement made by Regional Counsel for the 7th Region, the court has reviewed the statement submitted by plaintiff's attorney and finds that Regional Counsel's statement was correct. Regional Counsel stated:

Plaintiff's attorney was "statutorily" and absolutely precluded from claiming fees at an hourly rate exceeding $125.00 per hour except in unusual cases with good cause and evidence supporting an "enhanced fee."

The court finds that this is a proper interpretation of the statute. The statute states, in pertinent part, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living ... justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The Eighth Circuit has made it clear that there must be proof submitted to the court to justify the higher fee. *Johnson,* 919 F.2d at 504. The court also finds that Regional Counsel's statement that no other attorney in this district or region had requested more than $125 per hour is correct in the sense that the attorneys do not request an increase without proper proof being submitted to the court. Therefore, Regional Counsel's advice to plaintiff's attorney that she should talk to other claimant's attorney's to verify how an EAJA application is "suppose to be done" was likely in reference to plaintiff's attorney's failure to submit proof along with her fee request.

Again the language of the statutes makes it clear, "Attorney fees shall not be

awarded in excess of $125 per hour." *See* 28 U.S.C. § 2412(d)(2)(A)(ii). And, the statute does preclude attorney's claiming an hourly rate exceeding $125 but only if the attorney does not provide proof that justifies an increase. The statute provides for an award of higher fees if there is good cause shown and evidence, i.e. proof in an increase in the cost-of-living or a special factor. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). In the future, plaintiff's attorney is advised that she should be more diligent when filing requests for EAJA fees before this court. Although plaintiff's attorney delayed in submitting her proof, as to this issue, the Commissioner's objection is denied.

### C. Cost of Living Adjustment

The court next considers the Commissioner's objections to plaintiff's attorney's calculated hourly rate. As previously stated, under the EAJA, the court is authorized to award attorneys fees based on the statutory rate of $125 per hour. The $125 per hour is to be awarded unless the court determines a higher fee is justified. The statute provides an increase is justified if the court determines that an increase in the cost of living or other special factor exists to warrant a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii).

Plaintiff's attorney's original request for fees asked the court to award fees on the basis of a cost-of-living adjustment using one CPI, which the court assumes is the CPI available on the month plaintiff became the prevailing party.[3] That is, plaintiff's attorney adjusted the $125 per hour statutory rate for the increase in the cost of living that occurred between 1996 (when the EAJA rate was statutorily adjusted to

$125) and 2004 (when the award was made). Plaintiff's attorney then multiplied the total number of hours claimed in her fee application by the adjusted rate. Thus, the same hourly rate was applied to all hours expended even though services were performed in 2002, 2003 and 2004.

In plaintiff's attorney's response to the Commissioner's objections, plaintiff's attorney states she agrees that she cannot argue against using the CPI available for each day she performed services because this would give the most accurate calculations, but she contends, if that approach is used, she would not be awarded the intended rate of pay per hour as provided by the statutes. Further, she argues that she would lose earnings on her fee money and that the Commissioner would receive a benefit from holding and using the fee money until the time the award was made. Plaintiff's attorney appears to be arguing that the court should calculate her fees based on the CPI available for the month plaintiff became the prevailing party and that she should receive interest on the fees for the period of time between when services were performed and when plaintiff became the prevailing party. The Commissioner does not argue that the court cannot adjust EAJA fees, rather, the Commissioner asserts that attorney fees made pursuant to the EAJA are to be computed using the CPI available at the time services are performed and not the CPI available when the plaintiff becomes the prevailing party. In this case, plaintiff's attorney provided services in 2002, 2003 and 2004. The Commissioner argues that plaintiff's attorney's hourly rate should not be enhanced uniformly for all the years in question.

---

**3.** Plaintiff's attorney does not clearly state how she calculated her requested adjusted rate of $149.78. However, the court taking the CPI submitted by plaintiff's attorney for March 1996 (155.7) and March 2004 as the

month plaintiff became the prevailing party (CPI 187.4), calculated an hourly rate of $159.45 ($125 × 187.4/155.7). There is a difference of $.67, for this discussion, a nominal difference.

### 1. Computation method of hourly rate

This court has never addressed an objection filed by the Commissioner, in Social Security cases, as to how plaintiff's attorney computed the hourly rate of pay under the EAJA. Parties usually come to an agreement as to the reasonable total amount to be awarded. Sometimes there is an objection to the number of hours submitted by plaintiff's attorney but the actual method of computing the plaintiff's attorney's hourly rate is not challenged. Now that the manner is which calculating hourly fees has been challenged, the court reviews the method all plaintiff's attorneys should follow when calculating hourly rates.

As previously discussed, the court has already found that the Eighth Circuit Court of Appeals has established that the original rate of $125.00 per hour set by statute in 1996 is to be adjusted by the CPI if proof is offered by the plaintiff's attorney to justify an adjustment and there is no objection by the Commissioner. Here, there is an objection as to how plaintiff's attorney computed her hourly rate of pay. The court notes that there is no consistent approach utilized by courts for computing attorney fees requested pursuant to the EAJA with regard to which CPI to use. Some courts have determined that the correct CPI to use is for the "period" when the services were performed. *Gates v. Barnhart*, 325 F.Supp.2d 1342 (M.D.Fla. 2002). But, throughout the courts there is no consistent definition of "period." One approach is to define the "period" as the month in which services were performed and adjust plaintiff's attorney's hourly rate of pay by using the CPI available for the particular month in which services were performed. *Sayles v. Barnhart*, 2002 WL 989455 (N.D.Ill.) (unreported). Another approach is to define the "period" as the year in which the services were performed and adjusted plaintiff's attorney's hourly rate of pay by using the CPI for the year—regardless of what month during the year the services were performed. *Marcus v. Shalala*, 17 F.3d 1033 (7th Cir. 1994); *Pettyjohn v. Shalala*, 23 F.3d 1572 (10th Cir.1994); *McKay v. Barnhart*, 327 F.Supp.2d 263 (S.D.N.Y.2004); *Wirth v. Barnhart*, 325 F.Supp.2d 911 (E.D.Wis. 2004). While yet other courts do not consider the "period" when services were performed and adjust plaintiff's attorney's hourly rate of pay using the CPI available at the time plaintiff became the prevailing party. *Luciano v. Sullivan*, 1990 WL 207375 (N.D.Ill.). Still other courts adjust the plaintiff's attorney's rate of pay by applying the CPI available at the time the motion for fees is filed. *Lindner v. Sullivan*, 799 F.Supp. 888 (N.D.Ill.1992). And, some courts only award the statutory rate without any adjustments. *See Bright v. Apfel*, 121 F.Supp.2d 929 (W.D.Va.2000) (finding that no court has granted an upward adjustment for the cost-of-living in any area in the Western District of Virginia and that no such adjustments generally are warranted in the district "[a]bsent persuasive additional evidence, beyond citation to the Consumer Price Index, this court shall not grant such adjustments in Social Security disability cases").

It is apparent that there is little consistency among the courts as to how to adjust a plaintiff's attorney's EAJA fees where the representation of the claimant has spanned a number of months or years. As previously mentioned, adjustment in the cost of living have been denied by some courts when no additional evidence is provided to persuade the court that an adjustment is warranted. Further, it is possible adjustments will be denied if an objection has been made by the Commissioner or the percent increase in the CPI is not extraordinary:

> The plaintiff contends that there has been a cost of living increase from 1996

when the rate was fixed at $125.00 per hour. To support this contention the plaintiff offers that the CPI has increased 5.5% over the four years. The defendant argues that this evidence is not enough to justify a cost of living increase. The defendant cites two recent cases in the Western District of Virginia as authority for denying the cost of living increase. In *Collins v. Jones*, No. 97–00275 (W.D.Va. Apr. 7, 1999), Judge Jones sitting in Big Stone Gap denied such an increase as it was not "extraordinary enough to justify exceeding the maximum rate." Even more persuasive is the fact that Judge Turk in *Sowers v. Apfel*, No. 97–0142 (W.D.Va. July 28, 1999), denied a cost of living increase for a case within Charlottesville Division finding that "$125 per hour is ample compensation in this case." The court recognizes that it recently granted a cost of living increase in *Johnson v. Apfel*, No. 98–00023 (Jan. 6, 2000); however, the *Johnson* case can be distinguished as the defendant did not object to the increase. In the case at bar, an objection has been filed with the court. Consequently, this court will align itself with the other Western District courts in denying an increase above the maximum.

*Kyser v. Apfel*, 81 F.Supp.2d 645, 648 (W.D.Va. Jan.19, 2000). Still other courts

that have addressed this issue have determined that there is an argument provided by Supreme Court precedent that the period when services are performed is the correct period to use:

> [T]here are essentially two time periods that courts have used to compare to the base period when calculating cost of living adjustments under the EAJA: (1) the period when legal services were performed for the plaintiff; or (2) a "current" date, such as the date the plaintiff became a prevailing party, or the date when fees are awarded. Again the Eleventh Circuit has not addressed this issue. However, every circuit court that has considered this issue carefully has concluded, in light of the relevant Supreme Court precedent, that the period when services were performed is the correct period to use. *See Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 709–13 (D.C.Cir.1997)(holding that, in light of the Supreme Court's decision in *Library of Congress v. Shaw*, 478 U.S. 310, 320–22, 106 S.Ct. 2957, 2965, 92 L.Ed.2d 250 (1986), a "current" period cannot be used); *Marcus v. Shalala*, 17 F.3d 1033, 1038–40 (7th Cir.1994)(same); *Perales v. Casillas*, 950 F.2d 1066, 1074–77 (5th Cir.1992)(same); *Chiu v. United States*, 948 F.2d 711, 718–22(same).

*Gates v. Barnhart*, 325 F.Supp.2d 1342, 1346 (M.D.Fla.2002).[4] A district court de-

---

4. In *Library of Congress v. Shaw*, 478 U.S. 310, 320–22, 106 S.Ct. 2957, 2965, 92 L.Ed.2d 250 (1986), the Supreme Court, addressing a case involving Title VII, found that if a current period is used to adjust fees, rather than the date the service is provided, the court is awarding interest which it is not authorized to do. *Id.* While it is true that attorneys might experience some dollar value loss between the time the service is performed and the time the EAJA fee is awarded, the Supreme Court found that "whether the loss to be compensated is by an increase in a fee award stems from an opportunity cost or

from the effects of inflation, the increase is prohibited by the no interest rule" and the courts cannot award interest where Congress has not explicitly authorized interest to be awarded. *Id. Library of Congress* is analogous to the case before the court. The court in *Marcus v. Shalala*, 17 F.3d 1033, 1040 (7th Cir.1994) held "28 U.S.C. § 2412(d) does not authorize indexing attorney's fees awards at current rates" and that adjustments "must be calculated with regard to when the services were performed, not on the basis of when the award is made."

cision from the Seventh Circuit explained how it adjusted fees using the CPI available for the year in which services were performed:

Plaintiff requests an adjustment in the $125 maximum hourly rate set by the EAJA based upon an increase in the cost of living. He justifies the increase by applying the Bureau of Labor Statistics "all items" Consumer Price Index ("CPI–U"), calculating the increase from 1996, when the maximum rate of $125 was set, to August 2003. The CPI–U is an acceptable source for calculating an increase in the cost of living. E.g., *id.* at 782. However, as the Commissioner correctly notes, most of the work in this case was performed in 2002. Thus, use of the 2003 rate for all of the time spent would be improper. As the Seventh Circuit noted in *Marcus*, 17 F.3d at 1040: If a cost of living adjustment is applied, it must be calculated with regard to when the services were performed, not on the basis of when the award is made. Thus, fees incurred in a particular year must be indexed using the cost of living multiplier applicable to that year, and so on for each year in which fees were incurred. In his EAJA reply brief, plaintiff concedes that the adjusted 2003 rate may not be used for all time spent. Counsel spent 32.2 hours on this case in 2002. The adjusted rate for 2002 is $144.43 (179.9/155.7 × 125). Counsel spent 6.3 hours on this case in 2003. The adjusted rate for 2003 is $147.16 (183.3/155.7 × 125). These hourly rates are reasonable. *See Harris,* 259 F.Supp.2d at 782.

*Koschnitzke v. Barnhart,* 293 F.Supp.2d 943, 953 (E.D.Wis.2003); *see Uphill v. Barnhart,* 271 F.Supp.2d 1086 (E.D.Wis. 2003) (finding counsel's rate was $143.90 per hour for time spent in 2002 and $146.02 for time spent in 2003 based on the court's calculation utilizing the CPI for each period of time).

Courts in the Fifth, Seventh, Tenth and Eleventh Circuits follow the same method for adjusting attorney fees. These courts calculate adjustments to EAJA fees using the CPI available the year the services were performed:

The premise of the *Perales* and *Marcus* holdings is that a cost-of-living adjustment on EAJA fees for inflation that occurred after counsel's work was performed constitutes an award of interest, from which the United States is immune absent express congressional consent under *Library of Congress v. Shaw,* 478 U.S. 310, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986). *See Perales,* 950 F.2d at 1074–76; *Marcus,* 17 F.3d at 1039–40. Because the EAJA expressly provides for post judgment interest on fee awards (28 U.S.C. § 2412(f)) but is silent on the issue of prejudgment interest, the Fifth and Seventh Circuits concluded the strict construction mandated by *Shaw* precludes the indexing of EAJA fees at current rates, and instead requires them to be indexed at the rates in effect when the services were performed. *Perales* at 1077; *Marcus* at 1040. *Accord Chiu v. United States,* 948 F.2d 711, 721–22 (Fed.Cir.1991). The question is one of first impression in this circuit. While other courts have awarded cost-of-living adjustments under the EAJA without regard to the year in which the services were performed, *see Garcia v. Schweiker,* 829 F.2d 396, 402 (3d Cir.1987) (reasoning that attorneys "should not have the purchasing power of their fees eroded by such inflation"); *United States v. Boeing Co., Inc.,* 747 F.Supp. 319, 322–23 (E.D.Va.1990) (noting the CPI "should serve as a disincentive to the government to prolong the litigation process"), rev'd on other grounds *sub nom United States v. Paisley,* 957 F.2d 1161 (4th Cir.1992); *Rutledge v. Sullivan,* 745 F.Supp. 715, 717 (S.D.Ga.1990)

(concluding the award should compensate for the time value of money and the effects of inflation), I find the *Perales, Marcus* and *Chiu* decisions adopt a more comprehensive and persuasive legal analysis. Absent express congressional consent to the award of prejudgment interest on EAJA fee awards, cost-of-living adjustments to Pettyjohn's EAJA fees will be calculated at the appropriate rate the year the services were rendered[.]

*Pettyjohn v. Chater,* 888 F.Supp. 1065, 1068–1069 (D.Colo.1995).

As noted by the court in *Pettyjohn,* other courts, for policy reasons, have determined that fees should be calculated without regard to when the services were performed. For example the Third Circuit uses the CPI available at the time the plaintiff becomes the prevailing party:

Lastly, Community Legal Services takes issue with the district court's statement that "the accuracy of [*Garcia's* ] calculation is doubtful given the fact that the services performed by the attorney spanned several years during which time the Consumer Price Index figures undoubtedly varied." *Garcia,* 829 F.2d at 402. The meaning of this statement is somewhat unclear. [FN11] To the extent that it means, as Community Legal Services apparently thinks it does, that the cost of living calculation must be done individually for each year in which the services were performed rather than from 1981 through the date the plaintiff became a "prevailing party," we reject the district court's reasoning.

FN11. Read in isolation, this statement could mean that the inflation rate of 18% assumes a constant rate of inflation throughout the five years, thereby failing to take into account the effect of possible compounding of interest. Of course, compounding would be favorable to Community Legal Services. Since

Community Legal Services does not urge such a computation, we need not consider it. Furthermore, given the amount of hours involved here, the effect of such compounding would be negligible.

As we stated in *Natural Resources,* "the cost of living adjustment provision seems designed to provide a disincentive to agencies to prolong the litigation process." *Natural Resources,* 703 F.2d at 713. The agency should not reap the benefits of any inflation during litigation. Similarly, attorneys should not have the purchasing power of their fees eroded by such inflation. By calculating the total fee amount by using the closest available Consumer Price Index to the date on which the plaintiff became a prevailing party, as Community Legal Services does here, attorneys will receive, in today's dollars, the purchasing power to which they are entitled.

*Garcia v. Schweiker,* 829 F.2d 396, 402 (3rd Cir.1987), *see also United States v. Boeing Co., Inc.,* 747 F.Supp. 319, 322–23 (E.D.Va.1990) (noting that the CPI "should serve as a disincentive to the government to prolong the litigation process"); *Rutledge v. Sullivan,* 745 F.Supp. 715, 717 (S.D.Ga.1990) (concluding that the award should compensate for the time value of money and the effects of inflation). This approach is also followed in the Fourth Circuit:

As the cost of living has increased from October 1, 1981, the month of the EAJA enaction, the increase will be measured from that date. *See SEC v. Morelli,* 1995 WL 9387, *11. The cost of living increase from October 1, 1981 is properly measured by the Consumer Price Index ("CPI"). *See Harris v. Sullivan,* 968 F.2d 263, 265–66 (2d Cir.1992). The appropriate CPI to calculate the attorney's fees is the "closest available Con-

sumer Price Index to the date on which plaintiff became a prevailing party." *Garcia v. Schweiker*, 829 F.2d 396, 402 (3d Cir.1987); *see also Williams v. Sullivan*, 775 F.Supp. 615, 620 (S.D.N.Y. 1991). Plaintiff became a prevailing party on September 27, 1996 when the case was remanded and final judgment entered. Therefore, the September 1996 CPI will determine the adjustment above the $75 hourly rate. Changes in the CPI from October 1, 1981 to September 27, 1996 would adjust the hourly rate from $75 in October, 1981, to $132.30 in September, 1996. Pet., Ex. B (affirming that the CPI for all urban consumers for September, 1996 is 472.7 under the "old method"). Plaintiff's counsel is entitled to the following attorney's fees: 30 hours × $132.30 = $3969.00.

*Grey v. Chater*, 1997 WL 12806, **2–3 (S.D.N.Y.). The apparent motivating factor behind these decisions is a desire to compensate the attorney for the delay between performance and payment.

In the Eighth Circuit, some courts have approved EAJA fees that have been adjusted using the CPI available when the plaintiff became the prevailing party:

> Plaintiff's attorney requests an increase from the statutorily allowed rate of $125 per hour to $147.32 per hour, based upon a 17.86 percent increase in the cost of living reflected in the Consumer Price Index included with the attorney fee request. . . .
>
> In this case, the Commissioner has not challenged the requested increase from $125 per hour to $147.32 to reflect a 17.86 percent increase in the cost of living. Nothing has been provided to suggest the existence of "circumstances that would render a cost-of-living increase unjust or improper." See *Johnson*, 919 F.2d at 504. As such, the Court accepts the submission of the

Consumer price Index to justify increasing the statutorily provided for rate for attorney fees from $125 to $147.32 per hour, accounting for an increase in the cost of living.

*Walker v. Barnhart*, 302 F.Supp.2d 1072, 1075 (S.D.Iowa 2003). Other courts in the Eighth Circuit have awarded EAJA fees in the statutory amount of $125. *See Lowe v. Apfel*, 65 F.Supp.2d 989 (N.D.Iowa 1999). And, still other courts in the Eighth Circuit have calculated adjustments to EAJA fees using the CPI available at the time services were performed:

> [T]he hourly rate for work performed in January of 2002 should be $142.18 and the hourly rate for work performed in May of 2002 should be $144.35. With these changes, I find that the hourly rates proposed by the plaintiff are reasonable. *See id.* ("We hold that where, as here, an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than that [the statutory maximum], enhanced fees should be awarded.").

*Abbott v. Barnhart*, 2002 WL 1774050 (D.Neb.) (unreported).

The Eighth Circuit Court of Appeals has never specifically determined which method for calculating fees should be followed. This court has, in the past, awarded EAJA fees adjusted using the CPI available at the time the plaintiff became the prevailing party without objection by the Commissioner. In this case, the Commissioner has filed an objection to how plaintiff's attorney adjusted her EAJA fees. Because of the Commissioner's objection the court has conducted a review of the methods followed by other circuit courts in recent decisions and notes that the circuit courts do not consistently follow one method for calculating an adjustment to EAJA fees.

The EAJA does not contain express congressional consent to pay interest. The government is not required to pay interest. The court realizes that it is not uncommon for plaintiffs' attorneys in social security cases to have to wait for one or two years after services were performed to receive payment. The court is sympathetic to plaintiffs' attorneys' circumstances and understands that the delay in payment impacts the time value of money and that the dollar amount involved is of less value. However, this does not mean that the CPI available when the claimant is awarded benefits should be used to adjust attorney fees. As previously discussed, the case law demonstrates the lack of consistency among the courts regarding which CPI to use, i.e. the CPI available the month services were performed, the CPI available the year services were performed, or the CPI available when the plaintiff became the prevailing party.

█ Typically Social Security appeals take a year or longer causing the beginning and ending dates of the appeal to fall within two different years. This court could require attorneys to use the CPI available for each day in which services were performed (which would produce the most accurate result), the CPI available for the month in which services were performed, or the CPI for each year in which services are performed. All of which require plaintiff's attorney to conduct different mathematical calculations. Demanding daily or even monthly breakdowns and calculations requires a level of computational difficulty that this court finds is unnecessary and unwarranted.

A reasonable balance between accuracy and ease of computation would be to require attorneys to adjust fees using the CPI available and applicable to the year when services are performed. This approach strikes a balance between accuracy and what the court believes would potentially turn into a calculation nightmare. Thus, to calculate the EAJA fee adjustment, plaintiff's attorneys should begin with the statutory EAJA fee amount set in March 1996.[5] The $125 statutory amount is then adjusted according to the following formula: $125 per hour (where $125 reflects the current statutory amount for fees) × (service year Midwest Urban CPI)[6]/151.7 (where 151.7 equals the Midwest Urban CPI of March 1996). The adjusted EAJA fee rate for 2002 is $144.12 (125 × 174.9/151.7). The adjusted rate for 2003 is $146.92 (125 × 178.3/151.7). The adjusted rate for 2004 is $149.39 (125 × 181.3/151.7).

The court notes that this method for calculating EAJA fees does not address the fact that the yearly CPI is not published until after the end of each year. In most cases, the CPI will not be available for the latest year in which services were performed. In such cases, the plaintiff's attorney is directed to average the monthly CPIs available for that year. There-

5. The EAJA was reenacted in 1996 with an hourly rate set at $125 per hour. Previously the amount was $75. Congress adjusted the amount to reflect the change in the value of the dollar from 1981 to 1996. Congress statutorily adjusted the dollar value thereby taking into account any inflation occurring between 1985 and 1996. Thus, March 1996 would be the proper baseline to employ.

6. The court notes that the CPI for "all Urban Consumers, U.S. City Average, All Items" is used by plaintiff's attorney in her request for fees. The more appropriate CPI would be one which is tied to the area where the service was performed. The "All Urban Consumers, Midwest Urban, All Items" CPI table is available through the *www.bls.gov* website. Therefore, the court will use the CPI provided by the Midwest Urban table since that CPI is tied to the area where the service was performed.

fore, as to this issue, the Commissioner's objections are sustained.

### 2. Lost earnings or interest

The Commissioner objects to applying the CPI available at the time the plaintiff became the prevailing party uniformly to all years in which services were performed. Plaintiff's attorney argues she is being paid at a lesser rate than the intended rate per hour if her services are performed on a certain date or year and her attorney fees hourly rate is calculated based on the CPI for that certain date or year, and she is not paid until a later date, i.e. the time value of money and the dollar amount involved is of less value. Further, she asserts that the Commissioner is allowed to hold and use that money until it is paid to plaintiff's attorney and the earnings are lost to plaintiff's attorney and accrued by the Commissioner. This, plaintiff's attorney asserts, justifies using the CPI available at the time plaintiff became the prevailing party.

This court agrees with plaintiff's attorney that it appears the government is potentially receiving earnings on the money not immediately paid to plaintiff's attorney and at the same time plaintiff's attorney is losing the earnings on that money while the appeal is taking place. However, the court agrees with other circuit courts that have found calculating fees by using the CPI available at the time plaintiff became the prevailing party "tantamount to an award of prejudgment interest which is precluded" by Supreme Court precedent. See *Library of Congress v. Shaw*, 478 U.S. 310, 314, 106 S.Ct. 2957, 2961, 92 L.Ed.2d 250 (1986). In *Shaw* the Supreme Court stated that an interest rate reflects two separate factors, the real opportunity costs of capital and the inflation rate. *Id.* at 322 n. 7, 106 S.Ct. 2957. The principles of sovereign immunity generally dictate that these cannot be award-

ed against the United States, regardless of how the award might be designated. *Id.* at 321–322, 106 S.Ct. 2957. The only exception to this rule is if the government consents to awarding interest and waiving the award. Waivers are to be strictly construed in favor of the government, an exception will not apply unless the government's consent is expressed and unambiguous. *Id.* at 318, 106 S.Ct. 2957. If a court adjusts EAJA fees using the CPI available at the time plaintiff becomes the prevailing party, the court's award includes prejudgment interest. *See In re Continental Illinois Securities Litigation*, 962 F.2d 566, 571 (7th Cir.1992). The EAJA does provide for an award of post judgment interest, 28 U.S.C. § 2412(f), however, the cost-of-living adjustment provision is not an explicit waiver of sovereign immunity that authorizes this court to award pre-judgment interest to compensate for a delay in payment. *Perales v. Casillas*, 950 F.2d 1066, 1076–1077 (5th Cir.1992). Plaintiff's attorney's argument for payment of lost earnings is "tantamount" to arguing she should be awarded interest. Nothing in the EAJA authorizes fees to be adjusted regardless of when the fees were incurred. Using the CPI that is available at the time plaintiff becomes the prevailing party does more then adjust plaintiff's attorney's fees; such an adjustment compensates an attorney for a delay in payment and is the functional equivalent of prejudgment interest. *Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir.2001).

In the Eighth Circuit there have been cases that have awarded EAJA fees that have been adjusted using the CPI at the time plaintiff became the prevailing party. In those cases no objection was filed by the Commissioner as to what CPI was used. Further, those cases neither discussed the question of which CPI should be used nor considered the issue of sovereign immunity from prejudgment interest.

Rather, these opinions found that the parties had agreed that the requested EAJA fee award "reasonably and adequately account for the attorney's court-related services." These earlier opinions do not bind the court.

Plaintiff's attorney's proposed rate, adjusted using the CPI available at the time plaintiff became a prevailing party, may not be used as the rate for all services performed. Plaintiff's attorney's rate must be adjusted according to when the service was provided. Therefore, as to this issue, the Commissioner's objection is sustained.

### D. Hours

#### 1. Attorney research

■ The court now turns to the reasonableness of the amount of attorney time claimed. The Commissioner asserts that the number of hours claimed by plaintiff's attorney is unreasonable. Specifically, the Commissioner argues that the issues presented in plaintiff's brief were not particularly difficult or complex and that plaintiff's thirteen page brief included only two recent cases and many well known cases, yet plaintiff's attorney claimed 9.75 hours of research. Under the circumstances, the Commissioner requests that the court reduce the number of research hours as the research time is unreasonable. Plaintiff's

attorney asserts that she only spent 8 hours on legal research and not all relevant case law is created in just the recent years, nor do all cases researched support a claimant's position.[7] The fee application included:

| | | | |
|---|---|---|---|
| 4/25/03 | Legal research, study file, medical research | Attorney | 6.00 |
| 4/29/03 | Medical research | Attorney | .75 |
| 4/30/03 | Vocational research | Attorney | .50 |
| 4/30/03 | Legal research | Attorney | 2.00 |
| 4/30/03 | Medical research | Attorney | .50 |

This is a total of 9.75 hours of total research and 8.00 hours is for legal research.

The fee applicant bears the burden of establishing the appropriate hours to be compensated. The court reviews the itemized application for excessive, redundant, or otherwise unnecessary hours, i.e., hours that would be unreasonable to bill to a claimant. The measure of reasonable hours is determined by the profession's judgment of the time that may be billed that is not excessive or extreme. The Commissioner objects to only one specific item on the itemization of time submitted by plaintiff's attorney. While the court acknowledges that the amount of time spent on research for a thirteen page brief may be higher than some attorneys would expend on such a task, the court cannot conclude that the amount is unreasonable. Therefore, as to this issue, the Commissioner's objection is denied.

7. As to plaintiff's attorney's fee request the court notes that Local Rule 54.2 Attorney Fees states, in pertinent part:

> The claimed amount must be supported by an itemization that includes a detailed listing of the time claimed for each specific task and the hourly rate claimed. The itemization also must include a separate summary indicating the total time spent performing each of the following major categories of work: (1) drafting pleadings, motions, and briefs; (2) legal research; (3) investigation; (4) interviewing; (5) trial preparation; and (6) trial. Expenses must be itemized separately.

> *Id.* The court has included plaintiff's attorney's exact description of her hours in this

order, such as, "Medical Research" or "Legal Research." Plaintiff's attorney has submitted to the court an example of "block billing." This type of billing does not adequately inform the court as to what plaintiff's attorney did and does not conform with the local rules. The court has discussed, regarding award of attorney fees, that a reduction may be made for "block billing and poor record-keeping." *See Sherman v. Kasotakis*, 314 F.Supp.2d 843, 881 (N.D.Iowa 2004)(quoting *Houghton v. Sipco, Inc.*, 828 F.Supp. 631, 643–44 (S.D.Iowa 1997)). At this time, the court will not reduce plaintiff's attorney's fees, however, in the future if plaintiff's attorney does not provide a detailed itemization of her time her hours will be reduced.

## 2. Administrative and clerical tasks

The Commissioner objects to any award for paralegal fees that are clearly administrative or clerical in nature. The plaintiff's attorney did not respond to the Commissioner's objection in her reply.

■ As previously noted by this court, tasks that are clerical in nature are not compensable as attorney's fees. In addition, attorney time that is purely clerical in nature should not be billed. Plaintiff's attorney has billed 1.75 hours of paralegal time for: filing, serving summons and calendaring. These are administrative tasks. Further, plaintiff's attorney has billed .50 hours for receiving and retrieving a file and .25 hours for receiving answer and the copy of the administrative record. These are administrative tasks not requiring the skill of an attorney. "Work which could have been done by support staff is excluded from an award under the EAJA. Purely clerical or secretarial tasks should not be billed at a lawyer or paralegal rate, regardless of who performs them." *Johnson v. Barnhart*, 2004 WL 213183 *3 (W.D.Mo.) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir.1974) finding "[i]t is appropriate to distinguish between legal work, in the strict sense, and ... clerical work ... and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. Such non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it"). While the EAJA does allow for paralegal fees to be included in a fee award, "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989); *see Weaver v. Clarke*, 933 F.Supp. 831, 837 (D.Neb. 1996), *aff'd*, 120 F.3d 852 (8th Cir.1997), *cert. denied*, 522 U.S. 1098, 118 S.Ct. 898,

139 L.Ed.2d 884 (1998); *see also Surge v. Massanari*, 155 F.Supp.2d 1301, 1305 (M.D.Ala.2001) ("'[T]his court disapproves of the billing at a professional hourly rate for services reasonably performed by support staff, whose salaries are included in the lawyer's office overhead.'" (quotation omitted)). After reviewing plaintiff's attorney's itemized accounting it appears that the following entries relate to clerical/secretarial tasks and should therefore be excluded:

| | | | |
|---|---|---|---|
| 10/8/02 | Receive AC denial, retrieve file | Attorney | .50 |
| 11/18/02 | File judicial review, etc. | Paralegal | .25 |
| 11/19/02 | Serve summons by certified mail | Paralegal | .25 |
| 4/4/03 | Receive and calendar briefing schedule and order | Paralegal | .25 |
| 4/4/03 | Receive answer and copy of AR | Attorney | .25 |
| 5/15/03 | File brief | Paralegal | .50 |

■ These tasks are clerical in nature and are properly considered overhead costs and are not compensable under the EAJA at any rate. An award of .50 will be made for paralegal time spent preparing an *in forma pauperis* application and order. Therefore, as to this issue, the Commissioner's objection is granted in part and denied in part.

### E. Calculation Of Award

The court has reviewed plaintiff's attorney's request for an award of EAJA fees and finds that 31.25 hours of attorney time is reasonable. Now the court will calculate plaintiff's attorney's EAJA fee award:

#### Attorney Time

| Year | Rate | Hours | Total |
|---|---|---|---|
| 2002 | $144.12 | 4.50 | $ 648.54 |
| 2003 | $146.92 | 20.75 | $3,048.59 |
| 2004 | $149.39 | 6.00 | $ 896.34 |
| Total | | 31.25 | $4,593.47 |

#### Paralegal Time

| Year | Rate | Hours | Total |
|------|------|-------|-------|
| 2002 | $ 70.00 | .50 | $ 35.00 |

Based on the calculations above, an award of $4,593.47 for attorney services and $35.00 for paralegal services reasonably and adequately accounts for plaintiff's attorney's court related time.

### III. CONCLUSION

THEREFORE, for the foregoing reasons, plaintiff's attorney's Application for Attorneys Fees is granted in the total amount of $4,628.47, pursuant to 28 U.S.C. § 2412. The Commissioner's objection as to allowing a CPI adjustment to the plaintiff's attorney's hourly rate is denied. The Commissioner's objection as to the method of computing the hourly rate is sustained. The Commissioner's objection to the reasonableness of attorney time claimed for research is denied. The Commissioner's objection to an award of administrative and clerical time is granted in part and denied in part. Plaintiff's attorney's request for oral arguments is denied.

IT IS SO ORDERED.