# United States Court of Appeals for the Federal Circuit

06-1055

RICHLIN SECURITY SERVICE COMPANY,

Appellant,

v.

Michael Chertoff, SECRETARY OF HOMELAND SECURITY,

Appellee.

Gilbert J. Ginsburg, Attorney & Counselor-at-Law, of Washington, DC, argued for appellant.

Reginald T. Blades, Jr., Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice of Washington, DC, argued for appellee. With him on the brief was Peter D. Keisler, Assistant Attorney General and David M. Cohen, Director.

Appealed from: United States Board of Contract Appeals Department of Transportation

Administrative Judge Eileen P. Fennessy

# United States Court of Appeals for the Federal Circuit

06-1055

RICHLIN SECURITY SERVICE COMPANY,

Appellant,

v.

Michael Chertoff, SECRETARY OF HOMELAND SECURITY,

Appellee.

_____

DECIDED: April 3, 2007

_____

ON PETITION FOR REHEARING.

Before RADER, Circuit Judge, PLAGER, Senior Circuit Judge, and DYK, Circuit Judge.

Opinion for the court filed by Circuit Judge DYK. Senior Judge PLAGER dissents.

DYK, Circuit Judge.

Our original panel opinion determined that the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504, allows recovery for paralegal services as part of "expenses" and not as part of "attorney's fees," and accordingly that recovery was limited to costs and was not available at market rates. Richlin Sec. Serv. Co. v. Chertoff, 472 F.3d 1370, 1381 (Fed. Cir. 2006).

In our decision, we declined to follow the contrary decision of the Eleventh Circuit in Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988), aff'd on other grounds, Immigration & Naturalization Serv. v. Jean, 496 U.S. 154 (1990). In a petition for rehearing, Richlin

claims for the first time that several other circuits have adopted the <u>Jean</u> approach and that our decision is in conflict with those circuits as well.  <u>See</u> <u>Role Models Am., Inc. v. Brownlee</u>, 353 F.3d 962, 974 (D.C. Cir. 2004); <u>Hyatt v. Barnhart</u>, 315 F.3d 239, 255 (4th Cir. 2002); <u>Miller v. Alamo</u>, 983 F.2d 856, 862 (8th Cir. 1993); <u>see also</u> <u>Stockton v. Shalala</u>, 36 F.3d 49, 50 (8th Cir. 1994).  While two of the decisions cite to <u>Jean</u>[1] and all refer to recovery of paralegal "fees," the cases appear to have involved the issue of whether payments for paralegal services were recoverable at all, and did not directly address whether they are "attorney's fees" or "expenses" under EAJA.  <u>See</u> <u>Role Models Am.</u>, 353 F.3d at 974 ("The government opposes any recovery for the legal assistants, arguing that a party may not recover fees for work done by non-attorneys."); <u>Hyatt</u>, 315 F.3d at 255 ("Although fees for paralegal time may be recoverable under the EAJA, such fees are only recoverable to the extent they reflect tasks traditionally performed by an attorney and for which the attorney would customarily charge the client."); <u>Miller</u>, 983 F.2d at 862 ("Work done by paralegals is compensable if it is work that would have been done by an attorney.").

In any event, we see nothing in those cases to alter our conclusion that payments for paralegal services under EAJA are not recoverable as "attorney's fees" but are recoverable as "expenses," allowable only at cost.[2]

---

[1]     <u>See</u> <u>Hyatt</u>, 315 F.3d at 255; <u>Miller</u>, 983 F.2d at 862.

[2]     Richlin also points out for the first time that the legislative history cited in our original opinion at 472 F.3d at 1381, <u>see</u> S. Rep. No. 98-586, 98th Cong., 2d Sess., at 15 (Aug. 8, 1984), did not relate directly to the EAJA amendment adopted in 1985.  The cited legislative history related to a version of EAJA that was enacted by Congress in 1984 but that was vetoed by President Reagan primarily because the president objected to the bill's definition of "position of the United States."  <u>See</u> H.R. Rep. 99-120, pt. 1, at 6 (1985), <u>reprinted in</u> 1985 U.S.C.C.A.N. 132, 134.  Congress enacted a new version in 1985,

The petition for rehearing is denied.

<u>Senior Judge</u> PLAGER dissents on the basis of his dissent from the original panel opinion.

---

which clarified the "position of the United States" definition.  <u>See</u> Pub. L. 99-80 (Aug. 6, 1985).  Otherwise, the 1985 legislation was nearly identical to the bill passed by Congress in 1984, and the earlier legislative history is therefore pertinent to the 1985 enactment on the issue presented here.